HATCH *versus* CRAWFORD, Admr'x.

An obligation or agreement signed between two or more parties, concluding "Given under our hands and seals," and containing a seal after the name of the first signer, (the other signing immediately under it,) is a *sealed instrument*, and assumpsit is not maintainable thereon.

HATCH declared, in assumpsit, in the Circuit Court of Franklin, against Crawford, on a written agreement, signed by himself and the defendant's intestate. The cause of action concluded, "*Given under our hands and seals*," and was signed by Hatch and Crawford, the latter immediately under the signature of the first. Following Hatch's name, there was a seal, but none to Crawford's. On the plea of general issue, a verdict was rendered for the defendant. In the progress of the trial, the Court below, excluded the agreement declared on, from the jury, on the

.ground, that the same was a sealed instrument, and that assumpsit was not maintainable thereon. To this decision, the plaintiff excepted, and assigned the same as error in this Court.

PECK, for Plaintiff.—Although it is true, that where several covenant together to do *the same thing*, the seal of one may be construed to be the seal of all, yet in the case at bar the parties do not covenant to perform the same act. Their covenants are distinct and different, and they being on the same paper, cannot alter the case.

An action of covenant, could not, therefore, be maintained on defendant's agreement, because his agreement was not under seal.—*Comyn's Dig. title Fait, 4th vol.* 272—*Shep. Touch.* 56.

By Mr. Chief-Justice SAFFOLD :

The present plaintiff declared against Mary Crawford, as administratrix of the estate of James Crawford, deceased, *in assumpsit.* The cause of action is a memorandum of an agreement between said Hatch and James Crawford, the intestate, containing reciprocal stipulations for and against each of the parties, and concludes with these words : "Given under our hands and seals, this 30th day of September, 1830"—Signed, R. Hatch—James Crawford—one name being placed directly below the other : opposite the name of Hatch, a seal is affixed, which is the only one to the instrument. The declaration contains two counts: the first being special on the agreement, as in the case of a *simple contract ;* the second, for money lent and advanced.

The plea, was that of the general issue. On the trial a verdict and judgment were rendered for the defendant : upon which the plaintiff prosecutes this

writ of error. A bill of exceptions shows, that when the plaintiff offered in evidence the memorandum of the agreement as described, an objection being made to it by the defendant's counsel, the Circuit Court sustained the objection, and excluded it from the jury, upon the ground, that an action of *assumpsit* would not lie on such an instrument; the same being, in the opinion of that Court, *a sealed instrument.*

The exclusion of the instrument, is the cause assigned for error.

It is admitted, in argument, that any number of parties to a contract, may use the same seal; but, it is insisted, that they must make their several and distinct impressions, especially when they are opposite parties in the contract. Reference has been made to *Comyn's Digest, title Fait,* 272, 273—where it is said, "If there be mutual covenants between A and B, of the one part, and C and D, of the other, and B does not seal, yet covenant lies by him against C and D upon this deed; for he is made a party to the deed, and C and D covenanted with him." Also, that where a deed is written, as if intended to be executed by two persons, jointly and severally, and it be executed by one of them only, it will bind him, though not executed by the other.

Reference has also been made to *Sheppard's Touchstone,* where the principle is recognised that "If there be twenty to seal one deed, and they all seal upon one piece of wax, and with one seal, yet, if they make distinct and several prints, this is a very sufficient sealing, and the deed is good enough."

It is true, the cases here given, are slightly different in respect to the manner of the execution, from the one under consideration; but, they are to be regarded only as instances of informality, which affect

not the validity of the instrument; they do not prove that there can be no other irregularities of execution, which are equally immaterial.

The true doctrine is more fully explained in *Phil. Ev.* 1 v. 416. There, the principle is maintained, that where it is intended that several shall execute the same deed, one may seal for the rest, with their consent, and the deed will be as binding as if every one had put his several seal.[a] As, "where one of two defendants, in the presence of the other, and by his authority, executed a bill of sale for them both, the two defendants being partners in the transaction, but there was only one seal, and it did not appear whether the seal had been put twice upon the wax, the *Court of King's Bench* held, that no particular mode of delivery was necessary ; *and that it was sufficient, if a party executing a deed, treated it as his own.*"

[a] 4 Term. Rep. 314.

The principle of the decision, in the case alluded to, appears to have rested mainly on the circumstance, that the deed had been executed by one of the parties for himself, and the other, in presence of both. This rule, is held to be applicable to all deeds at common law, and that such sealing will bind the parties, by whose authority the deed is executed. But the rule does not extend to deeds executed under a power, where the authority must be strictly and literally pursued.

In *Ludlow* vs. *Simons,*[b] and in *MacKay* vs. *Bloodgood,*[c] it was ruled, that several persons may bind themselves by one seal.

[b] 2 Caine's C. E. 1.
[c] 9 Johns. Rep. 285.

In relation to the case before us, it may be remarked, that the circumstance, of the instrument having expressed the intention of both parties, to execute it under their *hands and seals*—of its having contained mutual stipulations, binding both—and of its having been signed and sealed by the party of the first part;

then the execution at the same time by the other party, is a sufficient indication of the intention of the second party to execute it according to his import, and to bind himself with the same solemnity that he received the obligaction of the other party. In legal contemplation, he is presumed, instead of affixing a second seal, to have adopted the one already annexed.

The judgment must be affirmed.