LEVI DAVIS, Auditor of Public Accounts, *v.* JOSEPH BURTON *et al.*

*Debt on Bond.*

| 4 | 41 |
| 53a | 208 |
| 4 | 41 |
| 172 | 308 |
| 3s | 41 |
| 195 | 2480 |

Where a bond or other sealed instrument purports, on its face, to be sealed by all the signers, and there are several seals to it, but not so many as there are names, the Court will presume that each person signing it, adopted some one of the seals ; and the bond will be valid against all ; but the obligors will be permitted to rebut such presumption by plea and proof.

In an action of debt on bond, where the bond is the gist of the action, the plea of *nil debet* is bad ; but where it is mere inducement to the action, it is good.

In an action of debt on a sheriff's bond, the plea of *nil debet* is bad, on demurrer.

J. LAMBORN, Attorney General, for the plaintiff.

W. A. MINSHALL, for the defendants.

SCATES, Justice, delivered the opinion of the Court:

THIS is an original action of *debt*, instituted by the plaintiff, against the defendants, securities of Thomas Haydon, sheriff of Schuyler county, for the recovery of the sum of $10,000, the penalty of his bond. The declaration avers, that the defendants made their certain writing obligatory, sealed with their seals, and makes profert of the bond. The breach alleged is, in not paying over the sum of $736.25, which he received as sheriff, on the 1st day of March, 1838, as taxes on lands listed in said county, and lying in other counties in the State.

The declaration also avers, that the clerk of the Circuit Court of said county, approved said bond, no Circuit Court being held within thirty days after he gave notice to the said sheriff, of the receipt of his commission. There are five several pleas, upon all of which, except the second and third, there are issues to the country.

In the second plea, the defendant, Penny, pleaded *nil debet*. In the third plea, the defendants, Fellows, McCutcheon, Richardson, Campbell, Warren, Snider, Randall, Wells, and Penny, pleaded that "Thomas Haydon, by virtue of his office, as sheriff, did not collect any taxes in Schuyler county, between the time of the execution of the writing obligatory declared on, and the end of the next term of the Schuyler Circuit Court; and that said writing obligatory was never presented to, or approved by, the judge of the Schuyler Circuit Court." To these two pleas, the plaintiff demurred generally.

The question arising upon the demurrer to the third plea, is settled by the resolution of the Court in the case of Davis *v.* Haydon *et al.*, decided at this term. (1)

The demurrer to the second plea, questions the sufficiency of a plea of *nil debet* to debt on bond. Where the bond is the gist of the action, and the recovery is of a sum *in numero*, such a plea is bad; but where it is merely inducement to the action, the plea is good. (2) In this case, the recovery will be $10,000; to be satisfied as to the plaintiff, by the payment of such damages as may be assessed upon the breach assigned; and the judgment will stand as a security for such damages as may be assessed upon such other breaches as may be assigned by any other person interested. (3) If the averment in the declaration be true, that the defendants signed and sealed the writing, the plea is not admissible. Upon examination of the bond, there appears seventeen obligors, and only fifteen scrawls set for seals. There is no scrawl set opposite the name of defendant, Penny. Is it then his deed? If it is, his plea is insufficient.

In the case of Byers *v.* McClaunaham, (4) it was held, that a piece of blank paper signed by a party over whose signature a

(1) *Ante* 35.                              (2) 1 Chit. Plead. 423.
(3) R. L. 490, § 16; Gale's Stat. 532.      (4) 6 Gill & Johns. 250.

bond is afterwards written, and shown to him, will be obligatory, if he does not repudiate it at the time.

In Comyn's Digest, title *Fait*, 272, 273, it is said, " If there be mutual covenants between A and B, of the one part, and C and D, of the other, and B does not seal; yet covenant lies by him against C and D, upon this deed ; for he is made a party to the deed, and C and D covenanted with him."

In Shepard's Touchstone 56, it is laid down, that " If there be twenty to seal one deed, and they all seal with one piece of wax, and with one seal, yet, if they make distinct and several prints, this is very sufficient sealing, and the deed is good enough."

In the case of McKay *et al. v.* Bloodgood, (1) in debt on bond, it was held, that where one partner signs a bond in the name of the firm, and affixes one seal, it will bind the other, who saw and approved it before the signing and sealing, but who was not present when done. It has always been held, that one piece of wax may serve for several obligors, and that one may seal for another. (2)

In the case of Lord Lovelace, (3) it was admitted by the prosecution, that " If one of the officers of the forest put one seal to the rolls, by consent of all the verderers, regarders, and other officers, it is as good as if every one had put his several seal ; as in case divers men enter into one obligation, and they all consent and put but one seal to it, it is a good obligation of them all."

It was held in the case of Ball *v.* Demsterville, (4) that if one partner in a transaction seal a deed with one seal for himself and partner, with his consent, and in his presence, it is a good execution of the deed for both.

This is acknowledged to be the rule in the case of Ludlow *et al. v.* Simond. (5) It is also laid down in 1 Phillips' Ev. 416.

The case of Hatch *v.* Crawford, admr., (6) is in point. It was an action of assumpsit upon a written agreement, which concluded, " Given under our hands and seals." One signed and sealed, and immediately below his name, the other signed, but made no separate seal ; plea, the general issue. The Court below excluded this instrument from being read as evidence under the issue, in that form of action, on the ground that it was the deed of both. The Supreme Court affirmed that decision. Chief Justice Saffold, after reviewing the authorities in Comyn, and Shepard's Touchstone, remarked : " It is true, the cases here given, are slightly different from the one under consideration ; but they are to be regarded only as instances of informality which affect not the validity of the instrument ; they do not prove that there can be no other irregularities of execution, which are equally immaterial ;" and concludes : " In relation to the case before us, it may be remarked, that the circumstance of the instrument's having expressed the

(1) 9 Johns. 284.  (2) Perk. § 134.  (3) Sir W. Jones 268.
(4) 4 T. R. 313.  (5) 2 Caines' Cas. 1, 42, 55.  (6) 2 Porter 54.

intention of both parties to execute it under their hands and seals; of its having contained mutual stipulations, binding both, and of its having been signed and sealed by the party of the first part; then the execution at the same time by the other party, is a sufficient indication of the intention of the second party to execute it according to its import, and to bind himself with the same solemnity that he received the obligation of the other party. In legal contemplation, he is presumed, instead of affixing a second seal, to have adopted the one already annexed."

From the character of this instrument, purporting upon its face to be given under the hands and seals of the defendants, conditioned for the performance of official duties; being required by law to be under the seal or scrawl of the obligors; from the number of seals annexed, are we to presume that the defendant, Penny, signed it in bad faith towards, and intending to deceive the principals and the obligees, by omitting to set a separate seal? Or shall we presume that he signed *bona fide,* with the intention of becoming bound, and that in omitting to annex a separate seal for himself, he intended to adopt one already affixed?

In reviewing these authorities upon the doctrine of seals, on questions the most analagous to the one before us, of any we can find, we see a steady and progressive relaxation of the ancient and strict doctrine on this question. We find no ancient decision at the common law in point. Those most apposite are of more modern date; and the one in point in Alabama, is of recent date.

Without authority in point at the common law, we feel disposed to lay down such a rule as will be consonant to reason and justice, and comport with the obvious intention of the parties.

We will look to the intention of the parties, as set out in their writing, for its character and dignity, if there be but one seal or scrawl to authorize our view.

We feel warranted, by common sense, by justice and sound reason, as well as by the principles of law, to presume that all the signers of an instrument indicating, upon its face, an intention to seal it, adopted any seal or scrawl that may be annexed to the name of one. The obligors will be left to rebut that presumption, by plea and issue.

It is, therefore, considered that the law is with the plaintiff.

*Demurrer sustained.*