## KYLE vs. MAYS, Use &c. of POND.

1. In debt on administrator's bond suggesting a *devastavit*, if the declaration avers the execution of the bond, a final settlement of the estate by the administrator, the rendition of a decree against him in favor of a distributee for whose use the suit is brought, that this decree is unreversed, and that the administrator did not truly administer the estate, but failed to pay said decree, and wasted and converted the assets, it is sufficient to charge the obligors.

2. After a decree is rendered against the administrator on the final settlement of his administration, no demand is necessary in order to maintain an action of debt on his bond suggesting a *devastavit*.

3. The decree rendered against the administrator is conclusive evidence of a sufficiency of assets; and the records of the appraisement and sales of property belonging to the estate, would be simply redundant evidence, and could furnish no ground of reversal.

4. As no demand is necessary in such case in order to maintain an action of debt on the bond, the admission of evidence of a demand made of the surety is no available error.

5. A decree of the Orphans' Court against an administrator, for the amount of which an action of debt on his bond is brought, bears interest from the time of its rendition.

ERROR to the Circuit Court of Coosa.

Tried before the Hon. JOHN D. PHELAN.

This was an action of DEBT on an administrator's bond, in the name of the judge of the County Court, for the use of Isaac P. Pond, against the plaintiff in error, as the surety of William E. Hatchett.

The declaration alleges the appointment of the said William E. Hatchett as administrator of Thomas Hatchett, deceased, the execution of the bond sued on, a final settlement of the estate and a decree thereon rendered against the administrator in favor of said Isaac P. Pond, in right of his wife, who was one of the distributees of the estate; that said decree is unreversed and unsatisfied; that assets of the estate sufficient to pay said decree came to the hands of said administrator; that said administrator did not truly administer the assets of said estate, nor pay said decree, but wasted said assets, and converted them to his own use. The declaration also alleges the death of said administrator, and the insolvency of his estate.

The defendant demurred to the declaration, but his demur-

rer was overruled; he then pleaded: 1. *Nil debet;* 2. Performance; 3. That the money sued for had not been demanded of said administrator in his lifetime, nor of his legal representative since his death; and that he had the same in his possession, from the rendition of said decree up to the time of his death, ready to pay over when demanded. Plaintiff demurred to the third plea, and his demurrer was sustained.

On the trial, the plaintiff offered in evidence the record of said final settlement and decree of the Orphans' Court, the record of the administration bond, and its approval by the judge of the County Court; also, the appraisement and sales of the property belonging to said estate. The defendant objected to the admission of each of these records, except the first; but his objection was overruled, and he excepted. Plaintiff also proved a demand of the money sued for, of the defendant; to which also defendant objected, but his objection was overruled, and he excepted.

The court charged the jury, that, if they found for the plaintiff, they should allow interest from the rendition of the decree; and to this charge defendant excepted.

The defendant requested the court to charge, that, if plaintiff had failed to prove a demand of the money sued for, of the administrator in his lifetime, or of his legal representative since his death and before the commencement of this suit, then he could not recover; which charge the court refused to give, and defendant excepted.

The rulings of the court upon the pleadings and evidence, the charge given, and the refusal to charge as requested, are now assigned for error.

L. E. PARSONS and JOHN WHITE, for plaintiff in error.

S. P. STORRS, *contra.*

GOLDTHWAITE, J.—The first question presented upon the record, is, as to the correctness of the action of the court below in overruling the demurrer to the declaration. In this there was no error. The action was brought upon an administration bond, suggesting a *devastavit* against the administrator. It avers the execution of the bond, a final settlement of the estate by the administrator, the rendition of a decree against

him, in favor of the party for whose use the action was brought, as one of the distributees of the estate; that the decree is unreversed, and that the administrator did not truly administer the estate, but failed to pay such decree out of the effects thereof, or otherwise, and wasted and converted the same to his own use. These allegations are, in our opinion, sufficient to charge the obligors to the bond. It is true, that a creditor at large of the estate cannot maintain an action against the administrator for a *devastavit*, until he has obtained a judgment to be levied of the goods of his intestate, (Thompson v. Searcy, 6 Port. 393, and cases there cited;) and the reason is, that the representative has the right to require that the demand against the estate should be judicially ascertained, before he can be compelled to appropriate the assets to its payment; but when that has been done, and the claim fastened upon the estate by the judgment of a court of competent jurisdiction, the failure to apply the assets to its payment, is a breach of the condition of the bond, and an action can be maintained upon it without the issue and return of an execution. Thompson v. Searcy, *supra.* Apply these principles to the question under consideration, and there is no difficulty in arriving at a correct conclusion. The final settlement and decree in the Orphans' Court, was a judicial ascertainment of the debt, binding not only on the administrator, but his sureties, (Lampkin v. Heyer, 19 Ala. 227;) and the failure to pay such decree, the assets being sufficient, amounts to a breach of the bond; and the averment of these facts is all that is necessary to charge the obligors.

The demurrer to the third plea was also properly sustained. As we have already observed, when a demand is judicially ascertained against an estate, it becomes the duty of the administrator to pay it, if the assets are sufficient; and if he fails to do so, it is in law a *devastavit*, for which he and his sureties are chargeable, without the issue of an execution. If such is the law, there can be no necessity for a demand, as he can discharge himself, either by the payment to the party obtaining the judgment, or to the clerk of the court in which the judgment is rendered. Murray v. Charles, 5 Ala. 678; Haynes v. Wheat, 9 Ala. 239.

If there was any error in admitting the approval of the

bond as part of the record, it could not avail the plaintiff in error, as the execution of the bond was admitted by the failure to plead the appropriate plea, and, under the pleadings as they were, no proof of its approval was necessary.

So also in relation to the appraisement and returns of the sale of the property. We have already decided, that the decree of the Orphans' Court in favor of a creditor after the decree of insolvency, in the absence of fraud, is conclusive upon the administrator and his sureties, not only as to the debt thus ascertained, but also as to the sufficiency of assets in his hands to meet it, (Watts v. Gayle, 20 Ala. 817;) and the same principle necessarily applies to a decree rendered on a final settlement in favor of a distributee. The amount for which the decree is to be rendered cannot be ascertained, without first determining the assets. The decree itself being thus conclusive evidence of a sufficiency of assets, no other evidence was necessary; and the appraisement and sales of the property belonging to the estate, were simply redundant or superfluous evidence, and as such testimony could not have prejudiced the defendant, he will not be heard to complain of the error, if error it was.

For the same reasons, there was no available error in admitting the evidence showing a demand of the moneys sued for, of the defendant below. No demand was necessary to render him liable.

Neither was there any error in the charge given, or refusal to charge as requested. The decree of the Orphans' Court bore interest, (Clay's Dig. 284 § 5;) and, as we have already seen, no demand of the administrator was necessary.

The judgment is affirmed.