23 603
97 563

## HOLLEY vs. ACRE, Judge, &c.

1. In debt on an administrator's bond, a count on the penalty alone, not noticing the condition, is sufficient.
2. A decree of the Orphans' Court in favor of a distributee for a balance found in the administrator's hands, is evidence of assets in his hands to that amount, and sufficient to sustain a judgment on the bond against his sureties.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. ANDREW B. MOORE.

SUIT was brought in the court below by the appellee, for the use of Benjamin J. Hogg, against the appellant, as surety on an administrator's bond, made by Benj. L. Jordan and Elizabeth Hogg, as administrators of the estate of Benjamin Hogg, deceased. The declaration originally contained three counts, the first on the bond, properly setting it out, averring that the penalty was due and unpaid, although it had been demanded. It is unnecessary to describe the other two counts, as a demurrer was sustained to them, and the plaintiff below relied on the first count alone. There was a demurrer also to this count, but it was overruled by the court.

The defendant then craved oyer of the bond in the declaration mentioned, and pleaded covenants performed. To this plea the plaintiff replied, setting out the condition of the bond, and assigning as a breach of such condition, " that on the 8th day of October, 1838, the said Benj. L. Jordan, administrator as aforesaid, appeared before Josiah Jones, Judge of the County and Orphans' Court of Covington County, at an Orphans' Court then held for said county, and presented his accounts and vouchers to the said court for final settlement of the estate of

said Benjamin Hogg, deceased ; and upon such final settlement, so made by said administrator, it was ordered and decreed by said court that said Benjamin L. Jordan do pay over to each of the heirs, viz., Louisa Hogg, Sarah Ann Hogg, Benj. J. Hogg, Martha M. Hogg, Cloe E. Hogg, Wm, A. Hogg and Holland M. Hogg, the sum of $75 38 ; and the plaintiff in fact says, that the said Benjamin L. Jordan, administrator as aforesaid, has not paid the said sum of money, so ordered and decreed to be paid, or any part thereof, but has neglected and refused to do so, and still refuses, although a larger sum of money, to-wit : the sum of $1460 37, came into his hands as such administrator, and that the sum so decreed to Benj. J. Hogg remains unpaid and unsatisfied."

To this replication the defendant rejoined *nul tiel record*, payment and the statute of limitations. On these rejoinders issues were formed, and the court tried the plea of *nul tiel record*, and decided the issue on that rejoinder for the plaintiff. The other issues were submitted to a jury.

On the trial of these issues, as appears by the bill of exceptions, the plaintiff offered in evidence a transcript of the proceedings of the Orphans' Court, on the final settlement of the estate of Benjamin Hogg, deceased, by which it appears that on the 14th of August, 1838, on the application of Benjamin L. Jordan, administrator of Benjamin Hogg, deceased, an order was made appointing the second Monday in October, 1838, as the day on which the administrator would make final settlement of said estate, and ordering forty days' notice to be given to the parties in interest.

It further appears that on the 8th day of October, 1838, a settlement did take place, on which it was found that the administrator had received $1460 67 on account of said estate, and, after allowing him all credits, there remained in his hands $659 66, which he was ordered to pay out to the widow and children of the intestate, including Benjamin J. Hogg. This last order recites that it is made on an application for distribution, and that the widow and seven children of the deceased are entitled to the fund, and order the administrator to pay to the widow $131 93, and to each of the children $75 34.

To the introduction of this transcript, the defendant objected, but his objection was overruled, and he excepted.

The plaintiff introduced the bond described in the declaration, which was read without objection, and, with the transcript from the Orphans' Court, was all the proof in the case. The defendant then asked the court to charge the jury, that if they believed the whole of this proof, they could not find for the plaintiff; this charge the court refused, and charged the jury that on the proof they must find for the plaintiff the amount of the decree rendered in the Orphans' Court, with interest from the time of its rendition to the time of trial.

The defendant excepted to the charge refused, and to the charge given.

The errors assigned in this court are:

1. That the court erred in admitting the record of the Orphans' Court, as evidence under the declaration and replication;

2. In overruling the demurrer to the first count of the declaration;

3. In deciding the issue of *nul tiel record* for the plaintiff;

4. In refusing the charge asked by the defendant;

5. In the charge given.

WATTS, JUDGE & JACKSON, for appellant:

1. The proceedings of the Orphans' Court showed no decree.—Hinson v. Wall, 20 Ala. 298, and authorities there cited.

2. The decree of the court, ascertaining the balance due each heir, is void, because made at a time when the law did not authorize it, and when the administrator was not present. The law required the judge to audit and report the accounts, and after forty days' notice to render the decree.—Aikon's Digest 182 § 27. This decree was made on the same day that the accounts were presented and audited. The administrator was not before the court on that day, for any other purpose than to have his accounts presented and audited. All that was done by the court besides this, was done in the absence legally of the administrator. The judge had no power to make a final settlement on that day, and his decree is therefore void.—Brazier & Co. v. King, 16 Ala. 730.

3. The sureties of an administrator shall not be charged beyond the assets of the estate.—Clay's Dig. 228 § 34. The proof set out in the bill of exceptions, which was all the proof given,

did not show that any assets had come to the hands of the administrator, so as to charge his surety therewith. Something more than the decree against the administrator was required to be shown, to charge the surety.—Dean v. Portis, 11 Ala. 104 ; Miller v. Gee, 4 Ala. 359 ; Thompson v. Searcy & Fearn, 6 Porter 393. These authorities show that the charge asked should have been given, and that the charge given was erroneous.

4. The demurrer to the first count should have been sustained. It is entirely too general.

5. The cases of Townsend v. Everett and Howell v. Williamson are not at all applicable to this case.

6. All the assignments of error are insisted on.

BELSER & RICE, *contra:*

1. The practice of this court is, to examine such errors only as are insisted on by the argument of the counsel of the plaintiff in error.—Cunningham v. Carpenter, 10 Ala. Rep. 109.

2. The first position assumed by the plaintiff in error is not maintainable, for the proceedings of the Orphans' Court do show a decree. On the 14th August, 1838, the administrator voluntarily "made application to the court to make final settlement," &c., whereupon an order was made requiring forty days' notice to be given &c., and fixing the second Monday in October next thereafter as the day for the final settlement. On said second Monday in October, (the 8th October, 1838,) the administrator " presented his account and vouchers for a final settlement, &c., and thereupon on the accounts and vouchers of the administrator himself, the court, upon examination thereof, declares it finds " the gross amount of said estate to be fourteen hundred and sixty six dollars and sixty seven cents," &c. &c., and after making all the allowances claimed by the administrator " there is found to be in the hands of said administrator, as net estate, the sum of six hundred and fifty nine dollars and sixty six cents," and that there were eight heirs entitled to distribution, including the widow. The share of the widow was ascertained— the share of each heir was ascertained, the name of each heir is stated, and an order was made that the administrator pay over to each heir said ascertained share, stating the sum in *numero;* the administrator being then in court.—Rhodes v. Turner, 21 Ala. Rep. 210 ; Sankey v. Sankey, 18 Ala. Rep. 713.

3. The second position assumed by plaintiff in error is equally unsound. The decree was not void, because it is certain the court rendering it had jurisdiction. It cannot be impeached collaterally, even if it were erroneous. It cannot now be reversed, because by lapse of time a writ of error is barred. The decree, even if erroneous, is conclusive on the administrator and his sureties.—Williamson v. Howell, 4 Ala. Rep. 693.

4. The third, and last position assumed by plaintiff in error, can be easily answered. The proof shown in the bill of exceptions, to-wit: the decree of final settlement made on the application of the administrator himself, and on his account and vouchers, clearly shows assets of the estate in his hands greatly beyond the judgment recovered in this case. This decree, this account and these vouchers, are evidence against the sureties, (the plaintiffs in error.)—Townsend v. Everett, 4 Ala. R. 607 ; Williamson v. Howell, 4 Ala. R. 693 ; Howell v. Williamson, 14 Ala. R. 419.

LIGON, J.—1. The second assignment of error is the first in order, and as such will it be examined. The first count of the declaration proceeds for the penalty of the bond alone, and is in the usual form of a declaration on a penal bond. It is therefore faultless, and the demurrer to it was correctly overruled.

2. The transcript of the proceedings in the Orphans' Court, which was offered in evidence under the issue tendered by the rejoinder of *nul tiel record*, to the replication of the plaintiff, was pertinent to that issue, and should not have been rejected.

The defendant had pleaded covenants performed, to which the plaintiff replied the condition of the bond, and proceeded to assign breaches. In this replication he averred that the administrator had made a final settlement of the estate with the Orphans' Court on the 8th of October, 1838, and on that settlement a balance was found in his hands, which the court proceeded to distribute among the parties entitled, and rendered a decree in favor of the usee in this suit and others, for the sum of $75 39 each, which the administrator failed and refused to pay; to this replication the complainant rejoined *nul tiel record*. The transcript offered fully sustains the replication, and shows assets in the hands of the administrator sufficient to pay the sum sued

for; and it further shows the extent of Benjamin J. Hogg's interest in these assets. This is sufficient to entitle him, (the sum to which he was entitled being unpaid,) to an action on the bond, against the sureties of the administrator, for a decree of the Orphans' Court against the administrator is conclusive on his sureties.—Kyle v. Mays, use of Pond, 22 Ala. 692; Lampkin v. Heyer, 19 Ala. 228.

It is urged, however, that the final settlement and decree set out in the transcript are irregular. Suppose this were conceded, still it will not aid the appellant. Mere irregularities in a judgment or decree will not render it void, and for this reason it cannot be collaterally impeached; and if the party to it, who complains of such irregularity, desires to take advantage of it, he must do so by a direct proceeding. If, as in this case, he fails to do so until his writ of error is barred by the statute of limitations, the party claiming an interest under it will not be defeated in his recovery when he seeks it in proper form, on account of such irregularities.

3. The record from the Orphans' Court being admitted, the judgment of the court on the issue of *nul tiel record* is proper, for the record described in the replication corresponds substantially with the one offered in evidence.

4. Neither can we perceive any error in refusing the charge requested by the defendant. The plaintiff had read the bond in evidence to the jury, containing a condition for the faithful discharge of all the duties of administrator of the estate of Benjamin Hogg, deceased, and showing that the defendant was his security. He had also shown by the record of the final settlement in the Orphans' Court that the administrator had funds in his hands which he was ordered to pay to the use of the plaintiff, and no proof being offered to show this payment, it would have been gross error to have given the charge requested.—Kyle v. Mays, use &c., *supra.*

5. The charge given was in every respect proper. The plaintiff had made out his right to recover, fixed the amount of his demand, and the date at which it should have been paid, and his right to interest is unquestionable. As there was no conflict of testimony, it was proper for the court to charge in the language it did.—Kyle v. Mays, use &c.

There is no error in the record, and the judgment is affirmed.