SMITHERMAN *vs.* THE STATE.

[INDICTMENT FOR LIVING IN ADULTERY OR FORNICATION.]

1. *Acts subsequent to indictment; admissibility of.*—Under an indictment for living in adultery or fornication, (Code, § 3231,) evidence tending to show criminal conduct between the parties, subsequent to the finding of the indictment, is, *prima facie*, irrelevant; and when offered, its relevancy must be shown by its connection with other evidence already adduced, or its proposal with other relevant evidence afterwards to be adduced.

2. *Admission of irrelevant evidence.*—The admission of evidence which is, *prima facie,* irrelevant, and the relevancy of which is not affirmatively shown, will work a reversal of the judgment, unless the record shows that no injury resulted from its admission.

FROM the Circuit Court of Bibb.
Tried before the Hon. JOHN MOORE.

THE indictment in this case was found on the 20th April, 1866, and charged "that William Smitherman, a man, did live with Margaret Strong, a woman, in a state of adultery or fornication." "On the trial," at the October term, 1866, as the bill of exceptions states, "when the case was called, the State introduced Samuel Frazer as a witness, who testified that, on the 20th April, 1866, one James Smitherman resided, with his family, on a tract of land in said county which belonged to said witness, and Margaret Strong resided with him; that said witness was at the house of said James Smitherman, about once a week, for two or three months next ensuing the 20th April, 1866, and occasionally saw William Smitherman there during that time; and that William Smitherman told him, after said 20th April, 1866, that he had started to Mississippi with Margaret Strong, but found the waters too high to travel, and returned; all of which was subsequent to the 20th April aforesaid. The defendant objected to each sentence of this evidence separately; but his objections were overruled, and the evidence allowed to go to the jury; to which the defendant excepted."

HEFLIN & McCRAW, for the prisoner.
JNO. W. A. SANFORD, Attorney-General, *contra.*

JUDGE, J.—The evidence admitted against the objection of the defendant, related exclusively to transactions which occurred subsequent to the finding of the indictment. In prosecutions like the present, evidence of this character is, *prima facie,* irrelevant; and, when offered, its relevancy should be shown by its connection with acts already in evidence, or its proposal with facts subsequently to be established. If its relevancy be not shown, it is error to

permit it to be introduced, unless the record affirmatively shows that the defendant could not have been injured by it, which is not shown by the record in this case. As to the relevancy of such evidence, in cases like the present, and the weight to which it may be entitled, see the very clear and satisfactory opinion of GOLDTHWAITE, J., in *Lawson & Swinney v. The State*, 20 Ala. 65. See, also, Shepherd's Digest, 616, § 468.

Judgment reversed, and cause remanded.