## BLACKWELL *vs.* HAMILTON.

[ACTION ON PROMISSORY NOTE.]

1. *Sealed instrument; what is not.* — A promissory note containing only the word "seal," surrounded by a scroll, appended to the signature of the maker, is not a sealed instrument.

2. *Witness; what may be permitted to state.* — The reason. whether good or bad, for the positive knowledge expressed by a witness of a fact about which he is examined, may be stated by him, as it only affects the credibility of his testimony.

3. *Evidence; what irrelevant in suit on promissory note on issue as to date of execution.* — In a suit on a promissory note, the issue being whether it was executed on Sunday or not, evidence that the plaintiff, the payee, was the superintendent of a sabbath-school, which he invariably attended, unless he was sick or absent from home, is not admissible.

4. *Evidence, illegal and irrelevant; admission of, when is error without injury.* — Where evidence irrelevant or illegal is simply redundant or superfluous, the judgment being fully sustained without it, its admission is error without injury.

APPEAL from the Circuit Court of Madison.
Tried before Hon. W. J. HARALSON.

The facts are sufficiently stated in the opinion.

WALKER & BRICKELL, for appellant.

CABANISS & WARD, *contra.*—The instrument sued on was

a promissory note, and not a bond.—*Moore's Adm'r v. Leseur and Wife*, 18 Ala. 606; *Carter & Carter v. Penn*, 4 Ala. 140.

Hamilton's business habits would have enabled him to prove that the transaction occurred on some other day than Sunday, if he had no recollection of the fact.—Greenleaf, §§ 436–7; Starkey, § 175; *Follett's Heirs v. Rose*, 3 McLean, 332; *Carson v. The Bank of Alabama*, 4 Ala. 148. They are admissible, therefore, to corroborate his recollection.

If there was any error in the admission of the evidence objected to by appellant, it was error without injury to him.

The record contains all his testimony, and the appellee's cause of action was proved without the evidence objected to. It was, therefore, superfluous.

B. F. SAFFOLD, J.—The complaint was a special count on a promissory note made by the defendants, on the 18th of September, 1862. There was a verdict and judgment for the plaintiff. During the progress of the cause, the suit was abated by death, &c., except as to Blackwell. The plaintiff offered in evidence as the foundation of his action, a writing as follows:

$2,500. Triana, Ala., 18th Sept., 1862. On or before the first day of January, eighteen hundred and sixty-four, we, or either of us, promise to pay to Alexander Hamilton, or order, the sum of twenty-five hundred dollars in gold, or its equivalent, for value received of him. The above note to draw interest at the rate of eight per cent. per annum from date.

(Signed,)                    " GEO. WILKINSON,        [SEAL.]
                             " J. H. JONES,           [SEAL.]
                             " W. H. BLACKWELL,       [SEAL.]"

The defendants objected, on the ground that, being a sealed instrument, it did not conform to the complaint. This objection was overruled.

A promissory note may be under seal.—Chit. on Bills, p. 190; Story on Bills of Exc. § 62. A writing is not made

a sealed instrument by annexing to the signature of the maker the word "seal," enclosed in a scroll.—*Carter v. Penn*, 4 Ala. 110; *Moore's Adm'r v. Leseur*, 18 Ala. 606. Our statute dispenses with a seal, and makes a writing a sealed instrument when it imports on its face to be such. Rev. Code, § 1585. The instrument above set out not only purports, but declares itself, to be a note. There was no error in its admission.

The defendant Blackwell pleaded that the said note was executed on Sunday. On this issue the court allowed a witness for the plaintiff, in reply to a question why she remembered whether a certain visit of the defendants to the plaintiff was made on Sunday or not, to say that the plaintiff's wife came to her house on the day of the visit much distressed, and crying about the purpose of the visit. Another witness for the plaintiff, in reply to the same question, was allowed to say that her aunt, the plaintiff's wife, "very earnestly opposed her husband in letting Wilkinson have the gold," and 'that her aunt's opposition to letting the gold go had impressed the whole affair on her mind. This testimony was objected to by the defendant as irrelevant. We do not so consider it. The time of the visit had become important, and both of these witnesses testified emphatically that it was not Sunday. Any reason for the positive knowledge they expressed, whether good or bad, could only affect the credibility of their evidence.

The plaintiff, as a witness in his own behalf, was permitted to testify that during the year 1862, and for several years before, he was superintendent of a sabbath-school, and that he attended the school with great regularity every Sunday, never having been absent, unless he was sick or not at home, which was seldom the case. This was objected to as irrelevant. We see no other purpose of this testimony than to show that the religious and moral convictions of the plaintiff would restrain him from violating the Sabbath, and that it was not his habit to do so. He has the benefit of the presumption that he would not accept a void note. That the note was made on Sunday, must be proved.

In civil cases, evidence of character is not admitted, unless the nature of the action involves the general character of a party, or goes directly to affect it. It is not sufficient that it is involved by plea only.—Greenl. on Ev. vol. 1, §§ 54, 55. If the plaintiff may present his usual manner of spending the Sabbath as proof that he did not, in a particular instance, desecrate it, the defendant must be permitted to combat that evidence by such testimony as he can adduce in opposition. Thus, the simple fact of the day on which a promissory note was executed would involve an interminable examination into the private life of an individual to the detriment of society.

Such an inquiry is not within that rule of evidence which admits the conviction of a witness that a certain fact transpired, though he has no recollection of it, because of something else dependent on or connected with it which he knows, as in the case of *Follet v. Rose* (3 McLean, 332), where a witness who took the acknowledgment of a deed was allowed to testify, that, from his uniform practice in taking acknowledgments, he could not have taken it had no seal been attached to the instrument, as his reason for saying with great confidence that the instrument was sealed. In this case, the evidence partakes too much of an inquiry into general character to be admissible.

The testimony of the witness Arnett is not subject to the objection made to it. He had stated, on his direct examination, that the note was signed on Saturday, and that he saw defendant at Hamilton's house on that day on witness' return from fishing. Witness was allowed to state, on cross-examination, against objection of defendant, that upon the occasion spoken of, when he examined the note upon entering the house, he found plaintiff engaged in counting and putting away the balance of his gold. The time when he saw the plaintiff putting away his gold was immediately after the defendant's visit to him on Saturday. The incident is confirmatory of all the evidence tending to show that the note was not executed on Sunday. Plaintiff had testified that after lending Wilkinson

31

the money he had some $500 left, which was on his table when Wilkinson and Blackwell left.

Notwithstanding the error above mentioned, the judgment is fully sustained by other legitimate evidence. There is no conflict in the testimony that the note was signed by Blackwell at the plaintiff's house, and there delivered, and that this was the only occasion on which Blackwell and Wilkinson were there together. Four witnesses say this visit was not made on Sunday, two say it was, and Wilkinson says the note was signed by Blackwell and delivered to the plaintiff on the same Sunday, but he can not assert positively that it was delivered on Sunday. Where evidence irrelevant or illegal is admitted, which is simply redundant or superfluous, the party's case being made out without it, it is error without injury.—*Frierson v. Frierson*, 21 Ala. 549 ; *Kyle v. Mays*, 22 Ala. 692.

The judgment is affirmed.

NOTE BY REPORTER.—At a subsequent day of the term, appellant's counsel, Messrs. Walker & Brickell, applied for a rehearing. The argument in support of the application admitted the correctness of the opinion in all the other points, except as to the effect of the admission of plaintiff's evidence, which was objected to ; and on account of this admission a reversal was claimed. The argument was, in substance, as follows :

On the question of fact, as to when the note was executed, the evidence was in direct conflict, requiring the jury to pass on the credibility of the witnesses to determine on which of the witnesses they could place the greatest reliance. The appellee, to induce the jury to accord greater credibility to his own evidence, to strengthen and corroborate that evidence, is permitted to prove that during the year in which the note was executed, and for several years prior thereto, he was superintendent of a sabbath-school, regular in the discharge of his duties, &c. ; thus, putting in evidence the manner in which he spent his sabbaths, to impart greater strength to his evidence, which was in di-

rect conflict with two other witnesses of equal opportunities of knowing the facts to which they testified, and, so far as the record discloses, of equal credibility. This evidence the court decided was irrelevant and inadmissible, but holds that it was redundant and superfluous, and its admission, therefore, error without injury. We do not deny that the admission of redundant, superfluous evidence is not an error, for which a judgment will be reversed; but we respectfully submit that this evidence is not of that character. Evidence having a tendency to influence the jury in the determination of any material question of fact, which is controverted, and upon which the evidence is conflicting, can never by a court be deemed redundant or superfluous. The court could not deem it such without weighing the evidence, which is the exclusive province of the jury. The evidence which has been deemed by this court redundant and superfluous, and for the admission of which, when illegal, has declined to reverse, has been evidence of an immaterial fact, or evidence not having a tendency to influence the jury in the determination of a fact material, or additional evidence of a fact, of which there was conclusive evidence. The cases in which illegal evidence has been deemed merely superfluous and redundant, and its admission not a reversible error, are: 8 Ala. 725; 20 Ala. 112; 22 Ala. 209; 22 Ala. 692; 32 Ala. 353; 36 Ala. 85; 37 Ala. 185; 41 Ala. 283. An examination of these cases will show that we have stated correctly the extent of the rule.

In no one of these cases was the evidence deemed redundant, calculated to influence the jury in the determination of any material controverted fact. If the evidence objected to referred to a material fact, it was a fact either not controverted, or which was, without such evidence, conclusively proved. *Fant v. Cathcart, Seabury v. Stewart & Easton,* and *Boynton v. Sims,* are all cases in which the objectionable evidence referred to immaterial facts, and could exert no influence in the determination of the material fact. In *Fant v. Cathcart,* the material fact, and the only fact to be proved, was the defendant's promise,

after he attained majority, to pay the bill single. The form of the pleading was an admission of the sufficiency of its consideration. The plaintiff having given evidence tending to establish the subsequent promise, other evidence, though illegal, of the sufficiency of the consideration, was redundant, having no relevancy to the material fact, and no tendency to influence the jury in determining that fact. But if the evidence had referred to the fact of the promise, and could have influenced the jury in determining that question, it would not have been deemed redundant. Evidence offered and admitted of a material fact is never redundant. Such evidence, if illegal, and duly objected to, can never be admitted without error. In *Seabury v. Stewart & Easton*, the evidence offered was to repel the existence of an outstanding title in a stranger. The existence of that title did not prejudice the plaintiff's right of recovery. Evidence to repel its existence was, therefore, evidence the plaintiff was not bound to offer. The same thing is true of *Sims v. Boynton*. Of *Jemison & Sloan v. Deering*, it is only necessary to say, the fact to which the evidence referred had been established by other " admissible and uncontroverted evidence," and other evidence could, therefore, be nothing else than redundant. The other cases, except *Bishop v. Blair*, were all cases in which the fact to be proved was proved by conclusive evidence, independent of the evidence objected to. In *Bishop v. Blair*, the fact sought to be proved by the objectionable evidence had been proved by the plaintiff. Hence, the objectionable evidence offered by the defendant was unnecessary.

The difference between these cases and the case under consideration, will be apparent on an examination of the record. The question was, when was this note executed? Was it executed on Sunday? On this question, the onus of proof was on the appellant, the note not bearing date on Sunday. The appellant offered direct evidence, and evidence having a tendency to prove this note was made on Sunday. This cast on the appellee the duty of rebutting that evidence to the satisfaction of the jury. And no

evidence which has a tendency to influence the jury in determining this fact, can be considered redundant. We know the court did not intend to say that without the objectionable evidence, the appellee had successfully and satisfactorily rebutted the evidence offered by the appellant. That, the court could not say, without assuming to pass on the weight of the evidence, and the degree of credibility which could be accorded to the opposing witnesses. This would be to assume the province of the jury. Unless the court can affirm that the appellee, independent of, and without the objectionable evidence, had repelled the evidence of appellant, the court will not declare that evidence redundant. That it was irrelevant to the fact to be proved, and should have exerted no influence in the determination of that fact, does not make it redundant, but renders it obnoxious to the objection which was interposed.

While this court has rigidly adhered to the rule, that error without injury will not work a reversal, it has also adhered rigidly to the rule, that error raised the presumption of injury, and unless the record clearly rebuts that presumption, must reverse the judgment.—See authorities collected in Shep. Dig. §§ 82, 83, 568.

Time and again the court has announced that the admission of irrelevant evidence will reverse, unless the record clearly shows that no injury could have resulted from it. "It is not enough that the court is not able to discover injury; it must see, and see clearly, that none could have resulted."—*Frierson v. Frierson,* 21 Ala. 549; *Bilberry v. Mobley,* ib. 277; *Cox's Adm'r v. McKinney,* 32 Ala. 461; *Shields & Walker v. Henry & Mott,* 31 Ala. 53; *Buford v. Gerald,* 35 Ala. 265; *Smitherman v. State,* 40 Ala. 355. To these citations others could be added, affirming the same rule. The court has never declared that the admission of such evidence would not work a reversal, unless the record disclosed affirmatively other admissible, uncontroverted evidence, entitling the party offering the evidence to the verdict and judgment he has obtained. It has never so declared when the evidence was conflicting, and depended

on the credibility the jury would attach to opposing wit-nesses, and the weight they would give their respective testimony. Can this court affirm that the record clearly discloses that this objectionable evidence had no weight in inclining the jury to render a verdict in favor of the appellee? Can the court affirm it did not turn the scale in his favor? The court may see and affirm that it should not have any weight in determining the fact; that renders it irrelevant; but the court can not see that it had none, and not seeing it, the presumption of injury from error must prevail, and entitle appellant to a reversal.

To this application the following response was made:

B. F. SAFFOLD, J.—We are asked to re-hear this case on the ground that the evidence respecting the manner in which the plaintiff was accustomed to spend the Sabbath day, was not superfluous or redundant, but was calculated to mislead the jury. I do not know that any precise rule can be made applicable to the subject. Of course, when conclusive evidence of any fact had already been given, any more of a cumulative character would be superfluous. On the other hand, a mere preponderance of testimony, after the exclusion of illegal testimony on the side prevailing, would not authorize this court to affirm the judgment of a jury court. But if the testimony in favor of the judgment was such that, after the illegal evidence was abstracted, a contrary verdict ought to be set aside, and a new trial granted, might we not affirm? If not, ought we not to do so in a case where the evidence in favor of the judgment was very strong, after the withdrawal of what was illegal, and the opposing evidence was weak and insignificant? *Fant v. Cathcart*, 8 Ala. 725, and *Jemison & Sloan v. Dearing*, 41 Ala. 283, are cases governed by the last proposition.

In this case, the illegal evidence admitted is of so slight and vague a character, and the preponderance of the other testimony is so decidedly in favor of the judgment, that we feel constrained not to reverse.

A re-hearing is denied.