# Grimmet *v.* Henderson's Adm'r.

### *Action on Official Bond of Executors.*

1. *Demurrer ; specification of grounds.*—That the complaint "does not show any ground or cause of action against the defendants," is not a sufficient specification of any ground of demurrer, as required by the statute (Code, § 3005).

2. *Sufficiency of complaint as against sureties, in averment of devastavit by principal.*—In an action on an executor's official bond, if the complaint avers the execution of the bond by the defendants, the recovery of a judgment against the executor in his official capacity, the issue of an execution thereon to be levied *de bonis testatoris*, its return "No property found," and that the judgment is still unsatisfied and unreversed ; and further, that the executor "did not truly administer said estate, and failed to pay said judgment ; that

be received assets of said estate sufficient to pay the same, and has wasted and converted said assets," it shows a good cause of action against the sureties.

3. *Execution of bond.*—To bind parties as obligors, when their names are signed to the bond, it is not necessary that they should also appear in the body thereof.

4. *Demurrer; what is available on.*—An alleged fact, not appearing on the face of the complaint, is matter for a plea, but not a cause of demurrer.

5. *Liability of sureties on executor's bond for unsatisfied judgment against principal.*—A judgment against an executor in his official capacity, and an execution thereon duly returned "No property found," conclusively establish a *devastavit;* and the sureties, when sued on their bond, are estopped from asserting anything to the contrary.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES T. NORMAN, an attorney of the court, selected by the parties on account of the disqualification of the presiding judge, who had been of counsel in the case.

This action was brought by W. F. Foster, as the administrator *de bonis non* of the estate of J. C. Henderson, deceased, against J. A. Grimmet, T. S. Grimmet, H. C. Grimmet, G. W. Campbell, and T. B. Dryer ; and was commenced on the 6th August, 1879. The action was founded on the official bond of the said J. A. Grimmet, T. S. Grimmet, and H. C. Grimmet, as executors of the last will and testatment of James H. Grimmet, deceased ; which was dated the 8th July, 1876, recited that said executors had been required by the Probate Court to execute a bond, and was conditioned that they "shall well and truly perform all the duties which are or may be required of them as such executors." The names of said Campbell and Dryer are signed to the bond as obligors, but are nowhere mentioned in the body thereof. The complaint claimed of the defendants $2,500, "for the breach of the condition of a bond made by said defendants, as follows," setting it out, and alleged the following as a breach : "That said plaintiff, on the 6th March, 1879, recovered a judgment against said J. A. Grimmet, T. S. Grimmet, and H. C. Grimmet, as executors of the estate of said J. H. Grimmet, deceased, in the Circuit Court of said county, for the sum of $1,792.46, besides $12.80 costs of suit; that an execution *de bonis intestatis* was awarded on said judgment, and was duly issued from said court, and has been returned by the sheriff of said county 'No property found ;' that said judgment remains unreversed and unsatisfied ; and that said T. S. Grimmet, J. A. Grimmet and H. C. Grimmet, as executors of the estate of said J. H. Grimmet, did not truly administer said estate, but failed to pay said judgment; that they received assets of said estate sufficient to pay the same, and have wasted and converted said assets of said estate. Wherefore plaintiff sues."

The defendants demurred to the complaint, and assigned the following as grounds of demurrer : " 1. The complaint does not show any grounds or cause of action against the defendants Campbell and Dryer. 2. The bond sued on, and set out in the complaint, does not show any cause of action against said defendants Campbell and Dryer. 3. The bond recited in the complaint shows only that the executors of said James H. Grimmet are bound, and there is no allegation in the complaint that said Campbell and Dryer are liable on said bond. 4. That the names of said Campbell and Dryer do not anywhere appear in the body of said bond, and are appended simply at the end of the bond, with the names of said executors. 5. There is no allegation in the complaint that a *devastavit* occurred on the part of said executors after the execution of said bond, said executors having qualified, and entered upon the duties of said executorship, more than twelve months before the execution of said bond ; and no allegation that any funds belonging to said estate were in their hands at the time of the execution of said bond, or that any assets belonging to said estate came into their hands afterwards."

The court overruled the demurrer, and the defendants "J. A. Grimmet *et al.* executors of James H. Grimmet," then filed three pleas, "in short by consent," as follows : "1. That said claim was not presented to said executors, nor to any one of them, within eighteen months after the grant of letters testamentary to them, either in person, or by filing the same in the office of the probate judge of said county, nor within eighteen months after the accrual of the said claim. 2. That said claim was not presented to said executors, or to either of them, within eighteen months after the grant of letters testamentary, nor within eighteen months after the accrual of the same ; and that the decree of said Probate Court against said Lemuel Henderson, for whom said executors' testator had become surety, was rendered more than two years after the grant of letters testamentary to said executors; and that said claim was not presented in any manner till after the rendition of said decree. 3. That the cause of action in this suit was not presented to said executors, or either of them, either personally, or by filing in the probate office of said county, within eighteen months after the grant of letters testamentary ; and that after the lapse of eighteen months, and before the presentation of said claim, they had fully and legally administered all the assets belonging to said estate which had or ought to have come into their hands as such executors ; and that they have received no assets of said estate, since they fully administered the assets as aforesaid."

The defendants Campbell and Dryer, " who are sued as sureties on said bond, for plea and answer to said complaint, plead, in short by consent, as follows : 1. That said claim was not presented to said executors, nor to any one of them, within eighteen months after the grant of letters testamentary to them, either in person, or by filing the same in the probate office of said county, nor within eighteen months after the accrual of said claim. 2. For further plea, in short by consent, they plead *plene administravit*. 3. That they became sureties on the bond sued on, if at all, more than eighteen months after the grant of letters to their co-defendants, said executors ; and that the claim sued on was presented more than eighteen months after the grant of said letters testamentary ; and that before the presentation of said claim to said executors, all the assets which came into their hands as executors of said estate had been duly disposed of and administered in carrying out and executing the provisions of the will of their said testator."

To each and all of these pleas, except the plea of *plene administravit* as filed in short by consent by the sureties, the court sustained demurrers ; and issue being joined on said special plea of the sureties, being their plea numbered 2, there was a verdict and judgment for the plaintiff.

The overruling of the demurrer to the complaint, and the sustaining of the demurrers to the several pleas, are now assigned as error.

S. B. PAINE, and W. C. BREWER, for appellants.

J. A. BILBRO, and W. F. FOSTER, *contra*, cited Bigelow on Estoppel, 466 ; Herman on Estoppel, §§ 328 *et seq. ; May v. Robertson*, 13 Ala. 86 ; *Coker v. Robertson*, 11 Ala. 466 ; *Martin* v. *Dortch*, 1 Stewart, 479 ; *Hatch v. Crawford*, 2 Porter, 54 ; *Smith v. Crooker*, 5 Mass. 538 ; *Fournier v. Cyr*, 64 Maine, 35 ; *Blakely v. Blakely*, 2 Dana, 463 ; Brandt on Suretyship, 18, § 15 ; Wait's Actions & Defenses, vol. 1, tit. *Bonds ; Kyle v. Mays*, 22 Ala. 692 ; *Amason v. Nash*, 24 Ala. 279 ; *Reid v. Nash*, 23 Ala. 733.

SOMERVILLE, J.—The demurrer interposed to the complaint in this case is not well taken, and was properly overruled. The first and second grounds are not assigned with that certainty and particularity required by the statute. To say that " the complaint does not show any ground or cause of action against the defendant," is insufficient, as being too general, and not distinctly stated.—Code 1876, § 3005 ; *Williams v. Bowdin*, at the present term.

[Grimmet v. Henderson's Adm'r.]

The complaint is sufficient to show a *prima facie* liability on the part of the sureties, Campbell and Dryer, who are alleged to be co-obligors with the executors in the bond on which suit is brought. It avers the due execution of the bond by all the defendants, the subsequent recovery by the plaintiff of a judgment against the principals in their capacity as executors, the issue of an execution *de bonis intestatis* on said judgment, followed by a return of "no property found" by the sheriff of the county. It also avers, that the judgment is unreversed and unsatisfied, and that the executors "did not truly administer said estate, but failed to pay said judgment, [and] that they received assets of said estate sufficient to pay the same, and have wasted and converted said assets of said estate ;" which is a sufficent averment of a *devastavit* by the principal in the bond.—*Kyle v. Mays*, 22 Ala. 692.

The bond is binding on the obligors, if properly signed by them, although their names do not appear in the body of the instrument.—*Martin v. Dortch*, 1 Stew., 429 ; *Hatch v. Crawford*, 2 Port. 54 ; Brandt on Suretyship, § 15. The fourth ground of demurrer assumed the law to be otherwise.

The fifth ground avers a fact not appearing on the face of the complaint, and is rather in the nature of a plea than a demurrer. It is not shown in the complaint that " the executors qualified and entered upon the duties of [their] executorship more than twelve months before the execution of said bond."

The pleas of the statute of *non-claim* and of *plene administravit* (if the latter be at all permissible under our present system of pleading), come too late after the rendition of judgment against the executors, who are principals in the bond upon which this action is based. The judgment against the principals was a legal ascertainment of assets in their hands sufficient to satisfy the claim of the plaintiff. The execution *de bonis intestatis*, awarded against the executors, followed by a return of "No property found," was conclusive of a *devastavit*, not only against the defendants in the judgment, but also against the sureties on the bond, by reason of the priority created by their joint execution of, and liability on it. The executors should have prevented the rendition of the judgment against them, by interposing such defenses by plea as the facts of the case authorized. Their neglect to do so, in the first suit, is conclusive, on both themselves and the sureties in this action. The sureties have, by the execution of the bond, assumed the office of guarantors for the faithful performance of the executorial duties of their principals. This includes the duty to pay on demand all debts

[Yarborough's Adm'r v. Avant.]

ascertained judicially to be due by the principals in their capacity as executors, provided the estate is not declared to be insolvent. The failure to pay such judgment is a breach of the bond, and the sureties, as well as the principals, are estopped from asserting anything to the contrary.—*Grace v. Martin*, 47 Ala. 135 ; *Hailey v. Chapman*, at the present term; Brandt on Suretyship, §§ 496, 532 ; *Holley v. Acre*, 23 Ala. 603; *Kyle v. Mays*, 22 Ala. 692 ; *Heard v. Lodge*, 20 Pick. 53 ; *Governor v. Shelby*, 2 Blackf. (Ind.) 26 ; Code, 1876, §§ 2616, 2620.

We find no error in the record, and the judgment of the Circuit Court is affirmed.