# Williams *v.* Flowers.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Stipulation in note for payment, on default, of "all costs for collecting, not less than ten per-cent."*—A stipulation in a promissory note, by which the maker agrees to pay "all costs for collecting, not less than ten per-cent., on failure to pay at maturity," includes a reasonable attorney's fee, and is not usurious on its face.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 18th May, 1889, by J. J. Flowers, against H. C. Williams and R. C. Nuckols; and sought to enforce a vendor's lien on land, for a balance of the purchase-money unpaid, as evidenced by the defendants' promissory note under seal for $2,500, which was payable to W. A. Handley, and assigned by him to the complainant. The note contained a waiver of exemptions, and a further stipulation that the makers "shall pay all costs for collecting the above, not less than ten per-cent., on failure to pay at maturity"; and the bill sought to recover the amount of the note, with interest, and solicitor's fees for services rendered in the suit, asking a reference and account as to these matters. There was a demurrer to the bill, which was overruled; and an exception by the defendants to the register's report, under the order of reference, allowing a solicitor's fee; and these matters are here assigned as error, with the final decree in favor of the complainant.

MOUNTJOY & TOMLINSON, for appellants, cited *Harmon v. Lehman, Durr & Co.*, 85 Ala. 392; *Stark v. Perry*, 6 Lea, 411; 55 Amer. Dec. 395, note; 5 Johns. Ch. 122; 9 Amer. Dec. 283.

A. T. LONDON, *contra*, cited *Wood v. Winship*, 83 Ala. 424; *Dozier v. Mitchell*, 65 Ala. 511; *McGehee v. Lehman, Durr & Co.*, 65 Ala. 316.

CLOPTON, J.—A demurrer was interposed to so much of the bill as seeks to enforce the collection of solicitor's fees under the following stipulation, contained in the note upon which the bill is founded: "It is further agreed, that the

[Williams v. Flowers.]

undersigned [makers] shall pay all costs for collecting the above, not less than ten per-cent., on failure to pay at maturity." The special grounds of demurrer are, that the term, "*costs for collecting*," does not include solicitor's fees for bringing the suit, and if it does, that the contract is usurious. In practice, costs and fees are different in their nature; costs being an allowance to a party for expenses incurred in prosecuting or defending a suit; and fees being compensation to an officer for services rendered in the progress of a cause.— *Tillman v. Wood*, 58 Ala. 578. In common parlance, the compensation paid an attorney is denominated a fee, in contradistinction to the costs incident to the judgment; but, in its legal sense, the term *costs* denotes, not only the expenses incurred by reason of being a party to legal proceedings, but also the charges which an attorney is entitled to recover from his client, as remuneration for his professional services.—Rap. & Law. Law Dic. It is manifest that the parties meant that the term "costs for collecting," as used in the note, should be understoood in its broadest signification; otherwise, the stipulation would have no effect, for, without it, defendants would be liable to the costs incident to the decree. We, therefore, construe the term as having been intended to include the compensation, which the payee of the note might have to pay an attorney for bringing a suit to enforce its collection.

It is well settled by our decisions, that an agreement to pay the reasonable attorney's fees, which the payee of a note would have to pay if forced to collect by suit, in addition to the legal interest, does not render the contract usurious. Defendants contend, that the terms of the agreement to pay all costs for collecting, *not less than ten per-cent.*, without reference to the reasonableness of the charges, makes the contract usurious. In *Munter v. Linn*, 61 Ala. 494, the agreement was to pay, if it became necsssary to institute legal proceedings to recover the amount of the notes, the fee of the attorney employed, "such fee to be ten per-cent. of the amount sued for and recoyered,"—an unconditional agreement to pay ten per-cent. It was held, that this stipulation does not constitute the contract usurious, but that the creditor could recover only a reasonable fee, though he stipulated for a larger sum or per-cent. In *Wood v. Winship*, 83 Ala. 424, the note obligated the maker to pay principal, interest, and ten per-cent. attorney's fees. It was ruled, that the note was sufficient to support a judgment by default for the entire amount due, including attorney's fees, without the intervention of a jury. These decisions show, that an agreement to pay ten per-cent. of the amount recovered, in addition to the legal interest, is

[Carter Brothers & Co. v. Ellis, Thomas & Hill.]

not itself usurious. The amount stipulated must be reasonable, or at least not obviously excessive; for no form which may be given to the contract, no device, can evade the statute against usury, if the intent appears, or is shown, to secure a profit in addition to the legal interest and the reimbursement of the creditor of the expenses which he may incur in collecting the note. The chancellor referred to the register the ascertainment of what was a reasonable attorney's fee, and he reported that ten per-cent. was reasonable. The proof fully sustains his report. There is not only no evidence tending to show a purpose to take usury, but the proof overcomes the defense.

Affirmed.