# McGhee *v.* Importers & Traders National Bank.

*Bill in Equity by Creditor to set aside Conveyance as Fraudulent.*

1. *Parties to note, as parties to bill.*—At law, the holder of commercial paper may maintain an action against the indorser, without joining the maker or drawer as a party; and in equity, he may maintain a bill to set aside an alleged fraudulent conveyance executed by the indorser, without joining the maker or drawer as a defendant.

2. *Liability of indorser; waiver of protest and notice.*—The indorser of commercial paper is entitled to notice of protest for non-payment, unless such notice is waived by him; but whether his written promise and guaranty of payment, made before the maturity of the paper, constitutes a waiver, is not decided.

3. *Guaranty of payment, "with legal or other expenses of or for collection."*—A written promise and guaranty of the payment of a prom-

[McGhee v. Importers & Traders National Bank.]

issory note, "with all legal or other expenses of or for collection," executed by the indorser before the maturity of the note, covers reasonable attorney's fees incurred in the collection of the debt.

4. *Unrecorded deed; validity as against creditors.*—Under statutory provisions (Code, § 1810), an absolute conveyance, not recorded within thirty days from its date, is void as against judgment creditors, but not as against simple-contract creditors; but the date recited in it is not conclusive on creditors as to the time of its execution.

5. *Voluntary and fraudulent conveyances.*—A voluntary conveyance is fraudulent and void as against the existing creditors of the grantor, without regard to the question of intent on his part; and it may also be avoided by subsequent creditors, on averment and proof of a fraudulent intent on his part, although the grantee did not participate in that intent.

6. *When creditor without lien may come into equity to set aside fraudulent conveyance.*—A creditor without a lien, or by simple contract only, can not maintain a bill in equity to set aside a fraudulent conveyance by his debtor (Code, § 3544), until the maturity of his debt; nor can he obtain relief as to the debt not due, by joining with it a debt past due.

7. *Parties to suit under statutory provision and rules of practice.*—The statutory provision as to who are the proper parties to sue on promissory notes (Code, § 2594), and the rule of practice which requires pleas denying the plaintiff's ownership of the claim sued on to be verified by affidavit (Code, 210, Rule No. 29), do not apply to suits in equity; the rule in equity being, that both the legal and equitable title must be before the court in all suits affecting the rights of persons and the title to property.

8. *Indorsement of note to A. B., "cashier."*—When a promissory note is indorsed to A. B., with the word *cashier* added, it is presumptively the property of the bank of which he is the cashier, as shown by parol evidence; and the bank may sue on it without indorsement by him, and without making him a party.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 14th February, 1891, by the Importers & Traders National Bank of New York, against James McGhee and his wife; and sought to set aside, as voluntary and fraudulent, a conveyance of property executed by said McGhee to his wife, and to subject the property to the payment of two notes held by the complainant. The notes are described in the opinion, and the material facts are also there stated. The defendants demurred to the bill, on several specified grounds, and also moved to dismiss it for want of equity; and the decree overruling the motion and the demurrer is here assigned as error.

J. L. BURNETT, for appellants, cited *Bolling v. McKenzie*, 89 Ala. 474; *Freider v. Lienkauff*, 92 Ala. 469; *Smith v. Rogers*, 1 Stew. & P. 317; 1 Wait's A. & D. 594; *Land Co. v. Dromgoole*, 89 Ala. 505.

FINCHIN, CARDEN & DANIEL, contra, cited *Seals v. Robinson*,

7

75 Ala. 363; *Pickett v. Pipkin*, 64 Ala. 520; *Goodbar, White & Co. v. Daniel*, 88 Ala. 583.

COLEMAN, J.—On the 18th of August, 1890, McGhee & Co., a mercantile firm doing business in Rome, Georgia, executed their promissory note payable four months after date, at the Importers & Traders National Bank, N. Y., to James McGhee, in the sum of five thousand dollars. A similar note was executed on the 31st day of Oct., 1890, payable four months after date. James McGhee, the payee, was not a member of the mercantile firm. Both notes were indorsed by James McGhee, the payee, before maturity, the first in blank, and the second as follows: "Pay to *E. Townsend*, Cash.," signed, "James McGhee." On the 22d of Sept., 1890, James McGhee, in consideration of one dollar, and "other good and valuable consideration," promised and guaranteed the payment of the notes, "with all legal or other expenses of or for collection, demand of payment and notice of protest waived." The bill avers that the notes were duly protested, but fails to aver that notice of the protest was sent to the indorser.

The bill avers that James McGhee, with the intent to hinder, delay and defraud his creditors, executed a deed of conveyance to his wife, Susan McGhee, of all his lands, of the value of ten thousand dollars, upon a voluntary consideration (being for love and affection), and thereby "stript himself of all his property subject to legal process for the collection of debts." The bill avers that there has been no visible change of possession, or acts of ownership over the land, and that when the conveyance was made the grantor was indebted to complainants. The bill avers the conveyance to the wife was made secretly, and never brought to the knowledge of orators until it was acknowledged and delivered for registration, on the 23d day of December, 1890. The bill does not allege that the wife, the grantee, participated in the fraud with the grantor. A copy of the deed is made "Exhibit E" to the bill, from which it appears that the deed is dated the 1st day of March, 1890. The acknowledgment and delivery for record is as averred in the bill, to-wit, 23d December, 1890. The respondent moved to dismiss the bill for want of equity, and demurred to the bill, assigning several grounds of demurrer.

The notes are governed by the commercial law.—Code, § 1756. An indorsement of commercial paper is an undertaking to pay the instrument on due notice of dishonor, a liability in the nature of a new drawer.—Byles on Bills, p. 153; Randolph on Commercial Paper, vol. 1, § 13. The holder of commercial paper, which he holds as indorsee, is not required

to sue the makers before suing the indorser, and the makers are not necessary parties in a suit against an indorser. The demurrer for non-joinder of the drawers was properly overruled.

The indorser of a commercial note is entitled to notice of protest for non-payment of the note; but in this case, by his written obligation of Sept. 22, 1890, the indorser not only "promised and guaranteed" payment of the note, but expressly waived "demand of payment and notice of protest." Whether the mere promise to pay and its guaranty, without more, was a waiver of demand and notice of protest, is not decided; neither will we at this hearing undertake to consider the extent of liability imposed by this obligation.—Randolph on Commercial Paper, §§ 850, 851, 1319; Byles on Bills, §§ 296, 297; Amer. & Eng. Encyc. of Law, 9, p. 70, § 9; *Donley v. Camp,* 22 Ala. 662; *Walker v. Forbes,* 25 Ala. 146.

The obligation of Sept. 22, 1890, is "to pay all legal or other expenses of or for collection." We are of opinion this provision covers reasonable attorney's fees, incurred in the collection of the debt. If it has not this application, we find no scope for its operation. The terms are too broad to be limited to cost of suit.— *Williams v. Flowers,* 90 Ala. 136; *Montgomery v. Crossthwaite,* 90 Ala. 575.

As we have said, the deed from James McGhee bears date of March 1st, 1890. It is attested by two witnesses. The first of the notes upon which the bill is filed is dated in August, 1890. The deed was not acknowledged and filed for registration until December after its date. If the averments of the bill are true, there was no sufficient change of possession of the land conveyed to give notice of the execution of the deed (*Trammell v. Craddock,* 9 So. Rep.), and it seems that complainants in fact had no notice until the filing of the deed for registration. By section 1810 of the Code, conveyances of unconditional estates, unless recorded within thirty days from their date, are void as to purchasers for a valuable consideration, mortgagees, and judgment creditors. Judgment creditors, and not simple-contract creditors, are protected by this statute.—*Chadwick v. Carson,* 78 Ala. 116; *Tutwiler v. Montgomery,* 73 Ala. 263; *Wood v. Lake,* 62 Ala. 489. Whether this deed was kept from record for the purpose of assisting in the perpetration of a fraud, need not be considered at this time.— *Tryon v. Flournoy,* 80 Ala. 321; *Mobile Sav. Bank v. McDonnell,* 87 Ala. 736. The dates and recitals of the deed may operate as an estoppel between the parties, but, as to strangers, they are *res inter alios acta.*

The bill avers that, at the time of the making and delivery

of the deed, James McGhee was largely indebted to orator and other creditors. If the proof shows that complainant's debt existed at the time of the making and *delivery* of the deed, the consideration being only voluntary, it was unnecessary to aver that the grantee participated in the fraudulent intent of the grantor. If the proof shows that plaintiff's debt was contracted after the *execution* of the deed to the wife, being only simple-contract creditors and not judgment creditors, it will be incumbent on plaintiffs to aver and prove actual fraud on the part of the grantor. Actual fraud, if proven, will be visited on a grantee who comes in under a voluntary consideration. Such a grantee has no equity, which will protect him from the creditors of the grantor. It is unnecessary to aver a voluntary grantee participated in the fraud of his grantor.—*Seals v. Robinson*, 75 Ala. 371; *Pickett v. Pipkin*, 64 Ala. 520.

According to its averments, one of the notes was not due, when the bill was filed. In the case of *Freider v. Leinkauff*, 92 Ala. 469, this precise question was adjudicated, and it was held that a bill filed to subject land fraudulently conveyed by the debtor to the payment of two notes, one of which was not due, as to such note the bill was prematurely filed, and to this extent demurrable.

Section 2594 of the Code, which requires that suits on promissory notes, bonds or other contracts for the payment of money, shall be brought in the name of the party really interested, whether he has the legal title or not, except that in actions upon bills of exchange and promissory notes payable at a bank, banking-house, or designated place, and other commercial instruments, the suit must be instituted in the name of the person having the legal title; and Rule 29, page 210 of the Code, which provides that the right of the plaintiff to maintain his action, upon averment that he is the party really interested, shall not be disputed except by plea verified by affidavit, do not apply to suits in equity. It has been uniformly held in this State, in all suits in equity affecting the rights of persons and title to property, it is necessary to have before the court both the legal and equitable title.

The second note in question is made payable at the Importers & Traders National Bank, N. Y. It is indorsed, "Pay *E. Townsend, Cash.*" By the agreement of the 22d Sept., the indorser promises and guarantees the payment of this note to the Importers & Traders National Bank, at the place mentioned in the note. The office of cashier, says Mr. Randolph, *supra*, § 157, and the cashier's official name, have by constant usage of the banks, in the making and transfer of commercial paper, become synonymous with the bank itself. Such paper,

[Henry v. Allen.]

payable to the cashier of a designated bank, or his order, may be held and sued by the bank without indorsement. And it is not necessary that the bank be named in the instrument, but like effect will be given to a bill or note payable to "A. B., *cashier*," parol evidence being admissible to show the cashier intended, or if necessary the bank intended, as payee. In the case of *Goodman & Mitchell v. Walker*, 30 Ala. 407, this language is used: "There is another class of cases when a promise is made to an agent, treasurer or trustee of an incorporated company, for the benefit of the company. In such cases it is generally held that the promise is in fact made to the company, and that it is the proper party plaintiff." We hold the bill was properly filed as to both notes in the name of the bank. The assignment for grounds of demurrer in this regard was not well taken, and properly over-ruled.

For the error in over-ruling the assignment of demurrer, that the bill was prematurely filed as to the second note, the case must be reversed.

Reversed and remanded.