# First Nat. Bank of Montgomery *v.* Slaughter.

*Action on Negotiable Promissory Note.*

1. *Commercial paper.*—A written agreement to pay a certain sum of money absolutely, at a fixed date, and at a designated bank, possesses all the requisites of commercial paper, though it also embodies an agreement to pay a reasonable attorney's fee, if collected by suit, a waiver of exemption, and the retention of the title to the property for which it was given, as security for its payment.

APPEAL from Crenshaw Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

The appellant brought this action against N. M. Slaughter, J. L. Slaughter and D. L. Slaughter, as follows: The plaintiff claims of the defendants the sum of two hundred and forty-five dollars, with interest thereon from Oct. 1, 1889, due by, and upon the following contract: "Patsburg, Ala., July 15, 1889. For value received, the undersigned, of the county of Crenshaw, State of Alabama, jointly and severally

promise to pay to the order of Montgomery Iron Works, two hundred and forty-five dollars, payable at First National Bank of Montgomery, with interest until paid, and reasonable attorney's fees, if collected by law, and we hereby waive presentation for payment, and notice of protest for non-payment of the sum, and also waive all homestead and exemption laws as to this debt. It is also, further understood and agreed that the title to the Loach wheel and Pratt gin, for which the note is given in payment, shall remain in said Montgomery Iron Works until this note, and interest, is paid in full." Which agreement was signed by the defendants. The plaintiff averred that said contract was transferred to plaintiff before maturity, in the regular course of business, for a valuable consideration; and claimed —— dollars as a reasonable attorney's fee.

The defendants pleaded (1) Failure of consideration, (2) Breach of Warranty, and (3) Fraud.

After the plaintiff had offered the contract in evidence and rested, the defendants offered to prove a failure of the consideration for which said agreement had been executed, whereupon the plaintiff objected, on the ground that the contract sued on was commercial paper. The court overruled the objection, and the plaintiff excepted. The court further ruled that the clauses in said agreement, providing for the retention of legal title of the property for which it was given, and the payment of reasonable attorney's fees, rendered the instrument non-negotiable, and subject to all set-offs, &c. that it would be in the hands of the original payee. To this ruling the plaintiff also duly excepted. There was much evidence offered by the defendants under their pleas, and there was judgment for the defendants. The rulings of the court, as shown above, are here assigned as error.

M. W. RUSHTON, for appellant.

I. H. PARKS, for appellee.

COLEMAN, J.—The instrument sued on possesses all the requisites of commercial paper. It is made payable absolutely at a designated bank, for a sum certain, and at a definite time. The fact that it contains a provision for the payment of attorney's fees, a waiver of exemptions, or the retention of the legal title to the property for which it was given as security for the payment of the debt, does not impede its circulation or impair its validity as negotiable paper. *Montgomery v. Crossthwaite,* 90 Ala. 553; *McGhee v. Imp. &*

[Truett v. Woodham.]

*Tra. Bank,* 93 Ala. 192. The Circuit Court was in error in holding that the paper, the foundation of the suit, was not commercial paper.

There are other exceptions reserved, a consideration of which would lead to a reversal of the case on other grounds; but we are of opinion, that all such questions will be eliminated from the case on another trial. The holder of such paper, received in due course of trade before maturity, for a valuable consideration, without notice, is not affected by any defense or equities which might be available to the maker against the payee; and by the express provision of the statute of this State, "paper governed by the commercial law, negotiated before maturity, is not subject to set-off or recoupment."—Code of 1886, § 2684.

The evidence shows that plaintiff became the owner, in due course of trade for value, before maturity. There is no proof of notice to the plaintiff, nor of facts calculated to put him upon notice, of any defense to the note. Under such circumstances the plaintiff was entitled to a verdict.—*Ross v. Drinkard,* 35 Ala. 441; *Johnson v. Hanover Bank,* 88 Ala. 274-5; *Barton v. Barton,* 75 Ala. 400.

Reversed and remanded.