# Phillips v. Americus Guano Co.

*Action of Assumpsit.*

1. *Variance between pleading and proof.*—Where a complaint declares upon a promissory note, and in the trial had upon issue joined upon the pleas of the general issue and several special pleas, the instrument introduced in support of the complaint is a bond or writing under seal, there is a fatal variance between the allegations of the complaint and the proof, which entitles the defendant to the general affirmative charge.

2. *Secondary evidence of contents of writing.*—Where, on a trial of a suit, one of the litigant parties, who is in possession of a writing relevant to the issue being tried, does not produce it or account for its non-production, he can not be allowed to prove its contents, even though the opposite party did not give notice to produce it.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

The complaint claims of the defendants "three hundred and fifty dollars by the joint and several note of said defendants for said sum made on May 11, 1891, and due and payable November 15, 1891, to plaintiffs or bearer; in said note defendants waived his (their) right to claim the benefit of any exemption of personal property provided for by the laws of this State until this debt is finally paid. Plaintiffs claim the further sum of thirty-five dollars ($35.00) attorneys' fees incurred by plaintiffs in suing this claim to judgment, which defendants in said obligation agreed to pay."

The special pleas set up, 1st, that T. A. Gamble, who sold the fertilizer to defendants had no license to sell commercial fertilizer. 2d. That there were no tags on the fertilizer at the time of the sale. 3d. That the fertilizer was sold in sacks or bags which were not branded with a true analysis of such fertilizer as claimed by the manufacturer as required by section 143 of the Code. 4th. Failure of consideration.

The obligation offered in evidence under the foregoing complaint, and without objection from defendants was as follows:

$350.00.　　　　No....... 〉 State of Alabama, Henry
　　　　　　　　　　　　　 〉 County. Post Office, Short-
May 11, 1891.　　　　　　 〉 ersville, Ala.

On or before the 15th day November next, we promise to pay Americus Guano Co. for 28,000 pounds of commercial manure known as Eddystone Guano, which has the guaranteed analysis on each sack as required by law, and which we have purchased on our judgment waiving all guarantee as to its effect upon crops. If this note is collectible by law or sued, we agree to pay all costs and ten per cent attorneys' fees. We hereby waive and re-

nounce our right to the benefit of any exemption provided for by the laws of this State.

Witness our hands and seals.

(Signed.) William Phillips, (Seal.)
C. W. Miller, (Seal.)
T. W. Kennedy, (Seal.)
Joe Davis, (Seal.)

Signed in the presence of T. A. Gamble.

It was shown that the fertilizer for which the instrument sued upon was given, was sold by the order sent to the plaintiff by one Gamble. It was shown that this order was in the possession of the plaintiff; and upon examination of the witness Gamble, he was allowed to testify to its contents without producing the order or account for its non-production. And to the admission of this testimony the defendants duly excepted.

Among other charges requested by the defendants and refused by the court was the follwing: "If the jury believe the evidence they will find for the defendants."

To the refusal of this charge the defendants duly excepted.

T. M. ESPY, for the appellants.—The complaint declares on a promissory note and the paper offered in evidence was a bond or writing under seal.— *Muse v. Dantzler*, 85 Ala. 359; *McCrummen v. Campbell*, 82 Ala. 566; *Reed v. Scott*, 30 Ala. 640. This was a fatal variance between the allegations and the proof which must work a reversal.—*Harold v. Jones*, 97 Ala. 637 *Wilkinson v. King*, 81 Ala. 156; *R. R. Co. v. Winn*, 93 Ala. 306; *R. R. Co. v. Thomas & Son*, 83 Ala. 343; *R. R. Co. v. Grabfelder & Co.*, 83 Ala. 201; *Kennedy v. R. R. Co.*, 74 Ala. 430. This being so, the general charge for defendants should have been given.

The court erred in allowing the witness Gamble to testify to what was in the order sent by him to appellees. Appellant had called for said order from appellee who failed and refused to produce it or attach it to the answers of its witness. In other words appellee's witnesses were permitted to testify to the contents of a paper which the proof showed was in its possession. The paper itself was the highest evidence of its contents and should have been produced.

P. A. McDANIEL, *contra.*—1. The instrument declared on is a promissory note, and the complaint is sufficient.—Code, 790, Form 1. Promissory notes may be under seal, which fact does not destroy their identity as such.—*Blackwell v. Hamilton*, 47 Ala. 470 ; Chitty on Bills, 190; Story on Bills & Notes, § 92.

2. An instrument for the payment of money, or the performance of an obligation, is the character of paper which it imports on its face to be. The very language of the instrument in question settles its character. "If this note is collected by suit," &c. is the langauge used by the makers, and clearly shows what character the makers of the paper intended to clothe it with. The mere use of the words ''Witness our hands and seals'' does not of itself destroy its character as a promissory note, especially when the payee does not seek any advantage by reason of its being thus solemnly executed. *Clark v. Moses*, 50 Ala. 326; *Gaines v. Shelton*, 47 Ala. 413.

3. If the note is a bond, or bill single, objection should have been made to its introduction in the trial court, and no advantage can now be claimed. The instrument, being before the court clearly establishes plaintiff's right to recover, and any defect in the complaint is cured by treating it as establising a substantial cause of action for plaintiff.—*McCrummen v. Campbell*, 82 Ala. 566 ; *Reed v. Scott*, 30 Ala. 640.

4. There was no error in the action of the trial court in refusing to exclude the answer of the witness Gamble, as to the contents of the order sent to the company, because the response of the witness was in answer to a question on cross-examination by appellants, calling for this evidence. There was no motion to suppress, neither was the court's attention directed to the absence of the order.—*Fountain v. Ware*, 56 Ala. 558 ; *L. & N. R. R. Co. v. Brown*, 56 Ala. 411.

HEAD, J.—The plaintiff (appellee) declared upon a promissory note. The instrument introduced in support of the complaint is a specialty. There is no plea of the general issue set out in the record, but the judgment entry recites that issue was joined upon the plea of the general issue and the defendants' special pleas. It must, therefore, be so taken. This being the case, the vari-

ance was fatal, and defendants were entitled to the general charge requested by them, and which the court refused. See authorities on brief for appellants.

As the plaintiff made out no case the cause is not in a condition that we can properly pass on the other questions presented by the record. We remark, however, that the written order sent by Gamble to the plaintiff for the fertilizer being in its possession, in order to get the benefit of it, the plaintiff should have produced the writing or accounted for its non-production. Without accounting for its absence, secondary evidence of its contents was inadmissible; and this without regard to whether defendants gave plaintiff notice to produce it or not.

There were four questions presented under the special pleas, viz: Under the first plea, whether Gamble sold the fertilizer to defendants, and if so, whether he had license to sell commercial fertilizer; under the second plea, whether there was a tag on the guano at the time of the sale, as required by law, which involves the question whether the law of Alabama, under the facts of the case, required a tag in order to entitle the plaintiff to recover; under the third plea, whether Gamble sold the fertilizer to the defendants in bags or sacks, and if so, whether, at the time of the sale, there was branded upon or attached to the bags or sacks a true analysis of such fertilizer, as claimed by the manufacturer, showing the percentage of valuable elements such fertilizer contained, as required by section 143 of the Code of 1886; and this also involves the question whether the requirements of said section 143, under the facts of the case, apply, in order to entitle plaintiff to recover; and under the fourth plea, whether defendants received the guano which constituted the consideration of the note or bond. If the case shall be again tried upon these pleas, the court may avoid error by confining the evidence and instructions to the issues thus presented.

Reversed and remanded.