## Breitling v. Marx.

*Action on a Note.*

1. *Sealed instrument; what necessary to constitute same.*—A writing is not under seal unless the purpose to seal it is expressed or indicated in its body; and the mere affixing of a scroll containing the words "seal" or the letters "L. S." to the name of the subscriber to a written instrument, does not make it under seal.

2. *Action on a promissory note; when plaintiff entitled to recover on issue joined on immaterial pleas.*—In an action brought by the indorsee of a promissory note, who alleges in the complaint that he purchased said note for value before maturity and without notice of any defenses to it, the defendant by special pleas set up want or failure of consideration for the notes, but failed in said pleas to deny the averments of the complaint that plaintiff was a purchaser for value before maturity and without notice, upon plaintiff's demurrer to these pleas being overruled, he took issue upon them; and the defendant not only proved a want or failure of consideration, but plaintiff admitted that the notes were without consideration. *Held*: That on this state of pleading, proof and admission, the defendant was entitled to judgment.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellee, J. L. Marx, against the appellant, F. A. Breitling, and counted upon two promissory notes, alleged to have been negotiable instruments, and which were made payable to H. W. Rumbley & Co. and were indorsed to the plaintiff, and owned by him at the time of the institution of the suit.

The defendant pleaded the general issue and the following special pleas: "4th. The defendant says and avers that the instruments sued on in the complaint are without consideration.

"5th. The defendant says and avers that each of the instruments sued on was executed and delivered to the payees therein named for and in consideration of the consideration expressed on the face of each one of them, towit: 'This note is given on part payment on two hundred and fifty Farmers' Business Records;' and the defendant avers that said two hundred and fifty Farmers' Business Records were never delivered to him, and that he never obtained them, or any part of them, and that each of said instruments is wanting in, and is without any consideration.

"6th. The defendant says and avers that each and both of the instruments sued on were executed and made by him upon the consideration, therein made towit: 'This note is given in part payment on two hundred and fifty Farmers' Business Records;' and the defendant avers that said consideration for said instruments has wholly failed for that said payees of said notes agreed and promised to deliver said Farmers' Business Records and all necessary blanks to said defendant, and they failed to deliver same to him as agreed, and have never delivered same, or any part thereof."

The plaintiff demurred to the 4th plea, on the ground that it did not allege that the plaintiff had notice of the amount of consideration at the time he purchased said notes.

To the 5th plea, the plaintiff demurred on the ground that it fails to state that the plaintiff had notice of the non-delivery of the articles for which the note was alleged to have been given, or that each of said notes was wanting in and without any consideration at the time he purchased them. To the sixth plea the plaintiff demurred on the ground that it does not allege that the plaintiff had notice of the failure of consideration alleged in said plea. These demurrers were overruled, and issue was then joined on the pleas.

The plaintiff introduced in evidence the two instruments sued on, which were in form promissory notes

containing waiver of exemptions and an agreement to pay attorney's fees. They were signed by the maker, and after his name there appeared the following suffix: "(L. S.)"

The plaintiff introduced in evidence the notes sued on, which were the same, except as to the date of maturity. The first of the notes maturing was in words and figures as follows:

"$125.00. Gallion, Ala., Oct. 23rd, 1897. On or before the 25th day of February, 1898, I promise to pay to the order of H. W. Rumbley & Co. one hundred and twenty-five dollars, negotiable and payable without defalcation at First National Bank, Demopolis, for value received, and I hereby waive all right of exemption as to any real or personal property against the payment of the debt, under the laws of Alabama, and agree to pay all expenses in counsel fees, or otherwise that may accrue in the collection of this debt [Signed.] F. A. Breitling. (L. S.)"

Just under the signature of the maker on each of said notes, was the statement that said note was given as part payment on 250 Farmers' Business Records. The defendant objected to the introduction of said instruments in evidence, because the complaint counts on simple promissory notes, and the instruments introduced in evidence are instruments under seal and are not promissory notes; and therefore there is a variance between the complaint and the proof. The court overruled the objection, allowed the said instruments to be introduced in evidence, and to this ruling the plaintiff duly excepted. The plaintiff proved that he had purchased the notes from a party who represented himself to be a member of the firm of H. W. Rumbley & Co., giving therefor valuable consideration.

The defendant as a witness in his own behalf testified that the 250 Farmers' Business Records for which said notes were given, had never been delivered to him, and that there was no other consideration for said notes. The bill of exceptions recites that the plaintiffs admitted that the notes were without consideration.

The court at the request of the plaintiff gave the general affirmative charge in its behalf, and to the giving of this charge the defendant duly excepted.

[Breitling v. Marx.]

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

ABRAHAMS & CANTERBURY and S. G. WOOLF, for appellant. The instrument sued on and introduced in evidence was not a promissory note, but was a bond or bill single.—*Phillips v. Amer. Guano Co.*, 110 Ala. 521; *Muse v. Dantzler*, 85 Ala. 359; *McCrummen v. Campbell*, 82 Ala. 566; *Garner r. Toney*, 107 Ala. 352; *Cameron v. Cameron*, 95 Ala. 344; *Cobb v. Garner*, 105 Ala. 467; *Osborne v. Hubbard*, 11 L. R. A. 833. This was a fatal variance between the allegations and the proof which will work a reversal.—*Harold v. Jones*, 97 Ala. 637; *Wilkinson v. King*, 81 Ala. 156.

The general affirmative charge in favor of the plaintiff was erroneous.—*Chambers v. Falkner*, 65 Ala. 448; *Commer. Bank v. Lee*, 99 Ala. 496; 4 Amer. & Eng. Encyc. of Law, (2d edition), pp. 302, 303; *Gerald v. Tunstall*, 109 Ala. 567.

CLARKE & WILLIAMS, *contra.*—It has been and is now the well settled rule in this State that to make an instrument a sealed instrument, the seal must be acknowledged in the face of the instrument which these do not do.—*Blackwell v. Hamilton*, 47 Ala. 470; *Carter r. Penn*, 4 Ala. 140.

The general affirmative charge should have been given, as it was so given for the appellee. Commercial paper in the hands of an indorsee for value, before maturity is not subject to any abatement, discount, cross demand, or failure of consideration which might avail the maker as against the payee; but the onus is on the holder to show that he purchased it for value and before maturity, though he is not required to negative notice of the infirmity. The onus of showing notice is on the one who contests.—*Johnson v. Hanover Nat. Bk.*, 88 Ala. 271. Notice is defensive, and must be proved by the defendant, if he relies on it.—*Johnson v. Hanover*, 88 Ala. 271, citing *Ross v. Drinkard*, 35 Ala. 434; *Mayor v. Wetumpka Wharf Co.*, 63 Ala. 611, 632.

[Breitling v. Marx.]

McCLELLAN, C. J.—A written promise under seal to pay money is not a promissory note, nor can it be declared on as such; but a writing is not under seal unless the purpose to seal it is expressed or indicated in its body: The mere suffixing a scroll containing the word "Seal" or the letters "L. S." to the name of the subscriber does not make it a writing under seal.—*Carter & Carter v. Penn*, 4 Ala. 140; *Blackwell v. Hamilton*, 47 Ala. 470. The obligations upon which this suit is brought are properly declared on as promissory notes: They as described in the complaint and in fact are commercial paper. Plaintiff being an indorsee of said notes, and alleging in the complaint that he purchased them for value before maturity and without notice of any defenses to them, pleas 4, 5 and 6, which set up want or failure of consideration for the notes, but failed to deny the averments of the complaint that plaintiff was a purchaser for value before maturity and without notice, presented no defense to the action. Plaintiff's demurrer to them was, however, overruled. He thereupon took issue upon them. This he should not have done. His remedy was to decline to plead over, suffer judgment and appeal. Having taken issue upon them, however, he thereby made them material and vital. On the trial not only did the defendant prove want or failure of consideration, but the plaintiff admitted that the notes were without any consideration. On this state of pleading, proof and admission, the defendant was entitled to verdict and judgment, and the court erred in giving the affirmative charge for the plaintiff.

Reversed and remanded.