# New York Life Insurance Co. *v.* McPherson.

*Action upon a Life Insurance Policy.*

1. *Action upon life insurance policy; variance between pleading and proof.*—In an action upon a life insurance policy, where the defendant by special plea sets up the execution of a note by the insured for a premium due upon the policy sued on, which note stipulated that all benefits accruing from said policy should become void and forfeited if said note was not paid at maturity, and avers that said note was not paid at maturity, and then sets out said note *in haec verba,* in which it is recited that the amount of the note was to be paid at the "Central National Bank, New York City," and upon this plea issue is joined, a note introduced in evidence by the defendant to sustain said plea, which shows that the amount thereof was payable at "The Lowery Banking Co., Atlanta, Georgia," constitutes a fatal variance between the allegations of the complaint and the proof, which entitles the plaintiff to the general affirmative charge in her behalf.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought by the appellee against the appellant; and counted upon a life insurance policy.

In addition to the averments of the special pleas which are substantially set forth in the opinion, the note which was set out in the plea *in haec verba* contained the stipulation that it was given in part payment of the premium

"with the understanding that all claims to further insur-ance, and all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and forfeited to the New York Life Insurance Company, if this note is not paid at maturity, except as otherwise provided in the policy itself." It was then averred in said plea that said note had not been paid at maturity, and has never been paid in whole or in part, and that, therefore, the policy sued on in this case was void and imposes no liability upon the defendant. The other facts of the case are sufficiently stated in the opin-ion.

GORDON MACDONALD and P. C. MASSIE, for appellant, cited 3 Phillips Evidence (4th ed.), 148; *Harmony v. Bingham*, 1 Duer 210; *Cotton v. Gunter*, 11 N. Y. 388.

LOMAX, CRUM & WEIL, *contra*, cited *May v. Miller*, 27 Ala. 515; *Forward v. Marsh*, 18 Ala. 645; *McRea v. Raser*, 9 Porter, 124; *Pharr v. Bachelor*, 3 Ala. 237; *Phillips v. Americus Guano Co.*, 110 Ala. 521; *McCrum-men v. Campbell*, 82 Ala. 566; *Harold v. Jones*, 98 Ala. 348; *L. & N. R. R. v. Johnson*, 79 Ala. 436; *S. & N. R. R. Co. v. Wilson*, 78 Ala. 387; *A. G. S. R. R. Co. v. Grab-felder*, 83 Ala. 200; *Sebree v. Dorr*, 9 Wheat. 558; (Book 6 L. ed 160); *Spangler v. Pugh*, 74 Amer. Dec. 77; *Equitable Insurance Co. v. Osburn*, 90 Ala. 201; *Goree v. Clements*, 94 Ala. 345.

HARALSON, J.—Appellee, Carrie McPherson, brought suit to recover the sum of one thousand dollars due on a policy of insurance, issued for her benefit, by the defendant company, on the life of her husband, Terry McPherson, deceased. A judgment was rendered in the court below in her favor, and the defendant appeals. The only errors assigned, are to the action of the trial court in giving the general affirmative charge requested by the plaintiff, and in refusing a similar charge re-quested by the defendant.

Two pleas were interposed by defendant,—the 1st, that of the general issue, and the 2d, a special plea, in which defendant set up a certain specified contract be-

tween the assured and the defendant, subsequent to the issuance of the policy, whereby, it is alleged, the policy sued on had lapsed for the non-payment of the premium due, January 7th, 1900; that defendant notified the assured of the lapse of said policy, in a manner in said plea particularly set forth, said notice, as averred, being in exact accordance with the statutory requirements of the State of New York, and that the same was duly mailed as required by law. It further averred, that a short time after such lapse and the forfeiture of said policy, an application was made by the assured for a reinstatement of the policy, which application was granted by defendant in the month of March, 1900; that the conditions and considerations upon which the reinstatement of the policy was granted were, that the insured was to pay the defendant the sum of $8.70 in cash, and execute and deliver to the defendant his promissory note for $29, which note was to be due and payable to defendant, at the *Central National Bank, New York City,* on the 7th July, 1900, without grace, and that accordingly the assured did pay to defendant the said amount in cash, and executed and delivered to defendant said note. The plea then sets up *in haec verba* the said note, as follows: "Ft. Deposit, Ala., Jan'y. 7th, 1900.    Without grace, six months after date, I promise to pay to the order of the *New York Life Insurance Company,* twenty-nine dollars at *Central National Bank, New York City,* value received, with interest at the rate of 5 per cent. per annum," etc.,—which was signed T. M. McPherson, the insured.

The plaintiff replied to this plea, that its averments were untrue, and the cause was tried on said plea and the replication thereto.

The note introduced in evidence did not conform to the note described in this plea, in that it was not payable at *"Central National Bank of New York City,"* but was payable at the *"Lowery Banking Company, Atlanta, Ga."*    Counsel for appellant say in their brief:    "The sole question involved in the assignments of error is, whether defendants made good their special plea numbered 2d," their insistence being, "that there was no ma-

terial difference between the note offered in evidence and the note as pleaded."

The plaintiff introduced in evidence the policy of insurance sued on, and proved that the insured died on the 23d of July, 1900; that the plaintiff was his wife at the time of his death, and that due and proper proof and notice of the death of the insured was made and given to defendant, on the . . . day of July, 1900, before the bringing of this suit, and in due time. On this proof the plaintiff made out a *prima facie* case entitling her to a recovery, unless overcome by the proof of defendant.

The defense relied on in the court below, to overcome the case as made by the plaintiff, was the facts set up in said 2d plea, and the defendant's proof fails to support the plea, in that the note offered in evidence is materially variant from the one set out in said plea,—the one offered in evidence, as has appeared, being payable at the Lowery Banking Company, Atlanta, Georgia, and the one described in the plea, being payable at the Central National Bank, New York City. The variance was properly raised for review on the general charge requested for plaintiff.—*Milton v. Hayden*, 32 Ala. 30; *Phillips v. Americus G. Co.*, 110 Ala. 521; *Hooper v. Strahan*, 71 Ala. 75; *Tuscaloosa C. S. O. Co. v. Perry*, 85 Ala. 107; *Powell v. Henry*, 96 Ala. 412; *Johnson v. Whitfield*, 124 Ala. 508; *Sembree v. Dorr*, 9 Wheat. 562; 22 Ency. Pl. & Pr. 530.

The judgment of the court below is affirmed.