# Union Fertilizer Co. *v.* Johnson, *et al.*

## *Assumpsit.*

(Decided April 20, 1907. 43 So. Rep. 752.)

1. *Pleading; Proof; Variance.*—An action on a bond or bill single is not supported by proof of a deed of trust; such variance is fatal and entitled defendant to a verdict.
2. *Appeal; Review; Harmless Error.*—Where plaintiff had the benefit on the trial of the matters set up in his replication it was harmless error to sustain demurrers thereto.

APPEAL from Cherokee Circuit Court.
Heard before Hon. W. W. HARALSON.

Action by the Union Fertilizer Company against W. E. Johnston and others. From a judgment for plaintiff, defendants appeal. Affirmed.

See 39 South. 684.

This is an action on a bond or bill single. The instrument offered in evidence was a deed of trust executed on January 20, 1902, to George D. Motley as trustee, to secure an indebtedness as set forth in said deed of trust to the Union Fertilizer Company,. in the sum of $621.66, payable $250 in 30 days after date, and $371.66 on November 1, 1902, and conveyed a lot of land described therein. No objection was interposed to the introduction of the trust deed in evidence. At the conclusion of the testimony the court gave the affirmative charge for the defendants.

GEORGE D. MOTLEY, for appellant.—In determining whether a new contract is so connected with an illegal contract as to also render it illegal the test is, whether the plaintiff, in establishing his case, is required to resort to the illegal contract; if required to resort to the illegal contract, the new contract will be held illegal, and if not, it will be held legal.—15 A. & E. Enc. of Law (2nd Ed.) 993; *Gunter v. Leckey*, 30 Ala. 591; *Walker v. Gregory*, 36 Ala. 189; *Hoffman v. McMullen*. 83 Fed. Rep. 372; *Frost v. Plumb*, 40 Conn. 111.; *Hatch v. Hanson*, 46 Mo. App. 323; *Roselle v. Beckmeir*, 134 Mo. 380; *State v. Bevers*, 86 N. C. 588. Agreements made by way of compromise made in settlement or avoidance of litigation may be specifically enforced in the absence of fraud, misrepresentation or concealment, even though it be afterwards discovered that no foundation existed for the doubt as to the legal rights which led to the compromise.—*S. & N. R. R. Co. v. H. A. & B. R. R. Co.*, 119 Ala. 105.

HOOD & MURPHREE, for appellee. No brief came to the Reporter.

DENSON, J.—The complaint counts for recovery on "a bond or bill single," alleged in the complaint to

[Lewis v. Smith.]

have been "executed by the defendants and one Joe Wester, who is not sued, on the 20th day of January, 1902, and payable to the plaintiff as follows: $250 in 30 days after the date thereof, and $371.66 on November 1, 1902, after date thereof." It needs no argumentation, nor citation of authority, to show that the instrument offered in evidence in support of the complaint materially varies from the allegations of the complaint. There is a fatal variance. The instrument offered does not support the complaint. Upon this consideration, and without regard to any other question that may be presented by the bill of exceptions, the court properly gave the affirmative charge, with hypothesis, as requested by the defendants.—*Phillips v. Americus Guano Co.*, 110 Ala. 521, 18 South. 104; *Davis v. McWhorter*, 122 Ala. 570, 26 South. 119.

The bill of exceptions shows affirmatively that the plaintiff had the benefit on the trial of the matters set up in its replications, to which demurrers were sustained. Therefore no injury resulted to the plaintiff from the ruling of the court on the demurrers, even if the ruling was erroneous, which we do not decide. The result is an affirmance of the judgment of the lower court.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.