# Hughes, *et al. v.* Spratling.

*Assumpsit.*

(Decided Jan. 9, 1912.   57 South. 629.)

1. *Seals; Sealed Instrument; L. S.*—The mere addition of the letters "L. S." following the name of the signer does not make the instrument a sealed instrument without any expression in the instrument of a purpose to seal it.

2. *Bonds; Note; Pleading; Variance.*—Where the complaint declares on a bond under seal and the proof discloses an unsealed promise to pay, there is a fatal variance.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by John Spratling against John Hughes and another. Judgment for plaintiff and defendant appeals. Reversed and remanded.

O. S. LEWIS, for appellant. The instrument introduced in evidence was not a sealed instrument.—*Breitling v. Marks,* 123 Ala. 222. A bond is not a promissory note.—*Phillips v. Am. G. Co.,* 110 Ala. 521. A variance is properly raised by a request for the general charge.— *N. Y. L. I. Co. v. McPherson,* 137 Ala. 119.

H. P. MERRITT, for appellee. No brief reached the Reporter.

PELHAM, J.—The complaint declared on a bond under seal, and the writing introduced in evidence did not express or indicate in the body of the instrument a purpose to seal it, and the mere affixing of the letters "L. S." to the names of the subscribers does not make it a writing under seal.—*Breitling v. Marx,* 123 Ala. 222, 26 South. 203; *Blackwell v. Hamilton,* 47 Ala. 470; *Carter v. Penn,* 4 Ala. 140.

The defendants in the court below, appellants here, requested the general charge in writing, which was refused. There was a variance between the allegations and the proof, in that the appellee declared on a bond under seal, and the instrument introduced in evidence was not a bond under seal, but a promissory note, and the court was in error in refusing the general charge requested by appellants.—*Phillips v. Americus Guano Co.,* 110 Ala. 521, 18 South. 104; *Breitling v. Marx, supra; Burton et al. v. Dangerfield,* 141 Ala. 285, 291, 37 South. 350; *N. Y. Life Ins. Co. v. McPherson,* 137 Ala. 116, 119, 33 South. 825.

For the error committed in refusing the general charge requested by appellants, the case must be reversed.

Reversed and remanded.