# Bledsoe *v.* City National Bank of Selma.

## *Assumpsit.*

(Decided December 17, 1912. Rehearing denied January 13, 1913. 60 South. 942.)

1. *Bills and Notes; Bona Fide Purchaser; Defenses.*—Where a complaint counts on a negotiable instrument alleging ownership in plaintiff through an endorsement before maturity, in due course of business without notice of any defense, total or partial failure of consideration is not a defense.

3. *Same; Alteration.*—A purchaser of a negotiable note in due course before maturity could recover thereon according to its original tenor under section 124, Acts 1909, p. 146, notwithstanding a material alteration in which it did not participate, and of which it had no notice.

3. *Same; Negotiability.*—An instrument given for the purchase price of an automobile, by which the maker promised to pay, on or before a certain date, to the seller, or order, a specified sum with interest at the rate of 8 per cent. payable at a named bank was negotiable, although it contained a waiver of exemptions, and agreement to pay attorney's fees and a provision retaining title.

4. *Same.*—The fact that a note otherwise negotiable contains provisions by which the maker agrees to pay the cost of collection, including reasonable attorney's fees, does not destroy its negotiability.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

[Bledsoe v. City National Bank of Selma.]

Assumpsit by the City National Bank of Selma against H. T. Bledsoe. Judgment for plaintiff, and defendant appeals. Affirmed.

The note sued on is as follows: "$250, Selma, Ala., June 8, 1910. For value received I promise to pay on or before the 15th day of December, 1910, to the Siegel Automobile Company, Selma, Ala., or order, the sum of $250, with interest until paid, at 8 per cent. from date. Payable at the Selma National Bank, Selma, Ala." The note also contained waiver of exemption agreement to pay attorney's fees, and retaining title in the Ford Model T. touring car, No. 26,018, and other provisions not necessary to be here set out. There were two other notes for the same amount, due and payable on November 15, 1910.

R. B. EVINS, for appellant. The note is governed by the new negotiable instrument law, and its stipulation retaining title, waiving exemption, and agreeing to pay cost of collection has the effect of rendering it non-negotiable.—*Holliday v. Hoffman,* 116 Pac. 239 There being an entire departure from the law as formerly written, the cases construing the former law should not be considered, but the court should look to the construction of a similar law by the courts of other jurisdiction. Therefore, see 70 N. W. 838; 65 Fed. 58; 50 S. E. 554. By a retention of title, the purchasers were put on notice of probable equities that might arise out of said implied warranties.—*Lomax v. LeGrand,* 60 Ala. 537; *Warren v. Burnett,* 83 Ala. 212; 38 S. E. 387. The plea of no intention to deliver the note presented a good defense.—*Hopper v. Eiland,* 21 Ala. 715. The instrument was so altered as to destroy it.—2 N. E. 274.

THOMAS E. KNIGHT, for appellee. The complaint discloses the negotiable character of the note and that it

was purchased for value in due course of business before maturity and without notice, and hence, the pleas interposed were no defense.—*First Nat. Bank v. Schwarz*, 98 Ala. 602; *Montgomery v. Crostwaite*, 90 Ala. 553; *Williams v. Flowers*, 90 Ala. 136; Acts 1909, p. 124; 63 N. Y. Supp. 410; 22 Hun. 354. The stipulations did not destroy its negotiability.—*McGhee v. I. & T. N. Bank*, 93 Ala. 192. The plaintiff's replication to the pleas setting up alteration was sufficient.—*Woodall v. Peoples Bank*, 153 Ala. 576; Authorities supra. The burden was on defendant to show notice.—*Ross v. Duncan*, 35 Ala. 434.

PELHAM, J.—This action was brought in the court below by the appellee, the City National Bank of Selma, a banking institution, conducting a regular banking business under the national banking laws, against the appellant to recover the amount evidenced by two notes executed by the appellant and payable to the order of the Siegel Automobile Company, of Selma, Ala. The notes, or instruments in question, were, before maturity and in the usual course of business for a valuable consideration, indorsed by the payee to the plaintiff bank. The plaintiff discounted the notes for the payee in due course of its business, without notice or knowledge of any defenses thereto. The plaintiff alleged the above facts in each count of the complaint seeking recovery on the notes. The defendant, besides a plea of the general issue, filed numerous special pleas setting up a material alteration in the notes, or instruments declared upon, and a plea of failure of consideration.

The complaint averred the facts and set out the instruments sued on in hæc verba, showing the same to be negotiable instruments, and the plea setting up partial and total failure of consideration presented no defense

to the plaintiff's action under the counts of the complaint averring ownership in the plaintiff bank through indorsement before maturity in due course of business, without notice of the existence of any defense. The instruments sued on are plainly negotiable instruments under the rulings of the Supreme Court and statutory provisions now in force prescribing and defining such instruments.—*First Nat. Bank v. Slaughter*, 98 Ala. 602, 14 South. 545, 39 Am. St. Rep. 88; *Williams v. Flowers*, 90 Ala. 136, 7 South. 439, 24 Am. St. Rep. 772; *Montgomery v. Crossthwait*, 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; Acts Ala. (Special Session) 1909, p. 126 et seq., §§ 2, 5, 6, 10, 16, 26, 45, 56, 57, 59, 124.

The provisions whereby the maker agreed to pay the expenses of collection, including an attorney's fee, did not destroy the negotiability of the instruments.—*McGhee v. Importers' & Traders' Nat. Bank*, 93 Ala. 192, 9 South. 734; *Montgomrey v. Crossthwait, supra; First Nat. Bank v. Slaughter, supra.*

The plaintiff's right to enforce the payment of this commercial paper acquired in due course was not affected by the fact, if it was a fact, that the number designating the automobile was inserted in the notes after their delivery to the payee. The bank did not participate in the alteration, and had no knowledge or notice of such alteration, and even though inserting the number of the automobile be a material alteration, the plaintiff bank could enforce the payment of the amount due on the notes according to the original tenor of the notes.—Negotiable Instruments Act, section 124, p. 146, Acts Special Session 1909.

The case was tried before the court without a jury, and the evidence adduced upon the trial authorized the court to find that the notes or instruments sued on

[Henderson v. Jackson Woolen Mills.]

were delivered by the maker to the payee (whether or not the number was inserted afterwards is immaterial in this action so far as the plaintiff's right of recovery is concerned), and discounted for value to the plaintiff bank in due course of business before maturity without notice of any defense thereto. The notes or instruments declared upon and introduced in evidence being negotiable, commercial paper, it will be seen from what we have said that the court committed no error in the rulings on the pleadings, or in the judgment rendered, and that judgment is therefore affirmed.

Affirmed.