(102 So. 369)

**CATON v. FIRST NAT. BANK OF OZARK.**
**(4 Div. 897.)**

(Court of Appeals of Alabama. June 10, 1924. Rehearing Denied June 24, 1924. Affirmed on Mandate Dec. 16, 1924.)

Bills and notes ⬤489(7) — Instrument under seal containing promise to pay, and also conveyance of property, etc., not negotiable promissory note.

An instrument under seal, which in addition to promise to pay conveys personal property, subjects all crops and rents and advances to secure payment, and directing how payments shall be made, *held* not negotiable promissory note, within Code 1907, § 5131, which requires same to, be unconditional promise to pay, and is not admissible under complaint on note.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negotiable Note.]

Appeal from Circuit Court, Covington County; W. L. Longshore, Judge.

Action on promissory note by the First National Bank of Ozark against R. A. Caton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Affirmed on authority of Ex parte First National Bank of Ozark, 212 Ala. 274, 102 So. 371.

The instrument sued on is as follows:

"The State of Alabama, Dale County.
"Red Level, Ala., March 22, 1921.
"$658.50.
"On the first day of October, 1921, we promise to pay to G. P. Dowling Hardware Company, Ozark, Ala., or order the sum of six hundred and fifty-eight and $50/100$ dollars at their office in Ozark, Ala., for value received, and we agree to pay the cost of recording this instrument, together with reasonable attorney's fees and all other expenses incidental to the collection of same; and to secure the above note, as well as all else we may now or hereafter owe to the said G. P. Dowling Hardware Co. before the payment thereof, we hereby grant, bargain, sell, and convey to the said

G. P. Dowling Hardware Co., all our live stock and increase, all our gathered crops now on hand; also the following additional personal property: One No. 6 Williamson steel stump-puller with 2 take up, two extra combination anchor and 100 feet of one-inch rope with couplings, this day bought of this note given to better secure note given to J. C. Penton Dec. 1, 1920; also all other personal property not herein specially named, owned by us now or at maturity of this paper; also the entire crops raised by us in which we may be interested, 1921, 1922, 1923, and 1924 in Covington county, Ala., or elsewhere in Alabama, all rents and advances coming to us as landlords during the years 1921, 1922, 1923, and 1924, the said G. P. Dowling Hardware Co. may after or before maturity hereof, and for the payment thereof, seize and sell as they may deem best, waiving all informalities. We certify that all above conveyed is free from all lien and incumbrance whatsoever, and it is our own. And as a further part of this contract, each of us, the makers and indorsers, hereby waive all rights of exemption under the laws of Alabama, as to personal property and wages and as to homestead in lands, as to the collection of all that is due or may become due under this instrument. We further severally waive presentment, protest, and notice of protest, and sureties consent that time of payment may be extended without notice thereof. It is agreed that any and all payments may first be applied to such excess as may be due on this paper at any time. It is further agreed that any payments may be first applied to liquidation of any former amounts that may have been due to said G. P. Dowling Hardware Co. before the execution of this paper.

"Given under our hands and seals this 22d day of March, 1921.

"R. A. Caton. [L. S.]
"Red Level.
"R. A. Caton. [L. S.]
"J. T. Penton
"Witness: J. W. Powell
"4767"

A. Whaley, of Andalusia, for appellant.

It was error to admit the instrument in evidence, and, there being a fatal variance between allegation and proof, the defendant was due the affirmative charge. Phillips v. Americus Guano Co., 110 Ala. 521, 18 So. 104; Hughes v. Spratling, 3 Ala. App. 517, 57 So. 629.

W. S. Huey, of Enterprise, and E. O. Baldwin, of Andalusia, for appellee.

The instrument sued on was a negotiable instrument; there was no variance. Acts 1909, p. 126; Bledsoe v. City National Bank, 7 Ala. App. 195, 60 So. 942; Long v. Gwin, 202 Ala. 358, 80 So. 440.

BRICKEN, P. J. The First National Bank of Ozark, Ala., plaintiff in the court below brought its action in assumpsit, to recover of R. A. Caton, defendant in the court below, certain money alleged to be due by promissory note. The defendant interposed

his plea of the general issue, and a verified plea that the plaintiff was not the owner of the instrument sued upon. There was judgment for the plaintiff, and defendant appeals.

The complaint contained but one count, and declared upon a promissory note alleged to have been executed by defendant on the 22d day of March, 1921, and payable to G. P. Dowling Hardware Company, or order on the 1st day of October, 1921, and by the payee thereof indorsed and negotiated to plaintiff.

Issue was joined between plaintiff and defendant on defendant's plea of the general issue; i. e., non assumpsit and defendant's special and verified plea that plaintiff was not the owner of the instrument sued upon. In support of its complaint the plaintiff offered in evidence a certain instrument in writing which, among other things, purports to have been executed at Red Level, Ala., March 22, 1921, and which purports to be payable to G. P. Dowling Hardware Company, Ozark, Ala., or order, in the sum of $658.50; the instrument contains a provision covering attorney's fees, costs of collection, and recordation of the said instrument; the instrument also conveys to the payee certain personal property to secure the payment of the above amount, "as well as all else we may now or hereafter owe to the said G. P. Dowling Hardware Company before the payment thereof," and 'the payee of said instrument is authorized before or after the maturity of said instrument to seize and sell the personal property thereby conveyed for the payment of the amount, or amounts, thereby secured. The instrument concludes with the clause; "Given under our hands and seals this 22d day of March, 1921, R. A. Caton. [L. S.]." Said instrument was witnessed by two witnesses, and had documentary stamps to the amount of 14 cents attached thereto.

The defendant objected to said instrument being offered in evidence upon the grounds that the instrument offered was not the paper referred to and sued on; that the instrument offered in evidence was not a promissory note, and was not the paper sued upon in this case. The court overruled the defendant's objections to the introduction of said instrument, and the defendant excepted. The objection and exception are founded upon the contention that the instrument sued upon was not a promissory note, but was a bond, or specialty. The same question was presented by the defendant's request for the general charge; the attention of the trial court being directed to the fact that defendant claimed there was a variance between pleadings and proof. The trial court refused to give the general charge for defendant, and defendant again excepted. A motion for a new trial raised the same ques-

tion, and this motion was overruled and denied by the trial court, and the defendant again reserved his exception to this action of the court.

The sole question, as we understand this record, is whether or not there was a variance between the pleadings and the proof. The complaint seeks the recovery of money alleged to be due by a promissory note. The defendant answers the complaint, and says that I owe you nothing by promissory note. And thus the issue is clearly presented.

[1] The appellant asserts that the instrument sued upon is plainly a negotiable instrument, and refers us to the case of Bledsoe v. City National Bank of Selma, 7 Ala. App. 195, 60 So. 942. See Ex parte Bledsoe, 180 Ala. 586, 61 So. 813. In Bledsoe's Case it is specifically stated: "The complaint averred the facts and set out the *instruments* sued on, in haec verba, showing the same *to be* negotiable instruments, etc.," and this is what differentiates Bledsoe's Case from the case at bar in so far as to whether or not the instrument sued on is a *promissory note* or a *bond, or specialty*. In Bledsoe's Case the plaintiff says I sue you for so much money due upon this instrument and sets out the instrument. In the case at bar the plaintiff could have brought its suit upon the instrument alleged to have been executed by defendant, setting out the instrument, but this the plaintiff did not do. On the contrary, the plaintiff declares upon a promissory note, and the defendant denies that the instrument sued upon is a promissory note. A negotiable promissory note under section 5131 of the Code of Alabama 1907—

"is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer."

But in addition to the promise to pay the payee of the instrument in question, the sum of $658.50 on the 1st day of October, 1921, there is a conveyance of personal property to secure the payment of the $658.50, as well as "all else we may *now* or *hereafter* owe the said G. P. Dowling Hardware Company, before the payment thereof"; the property conveyed is all live stock and increase, all gathered crops now on hand, a steel stump-puller and equipment, all crops rasied by the signer, or in which he might be interested in Covington county, Ala., or elsewhere in Alabama, for the years 1921, 1922, 1923, and 1924, also all rents and advances coming to the maker as landlord during said years, and the payee of the instrument is authorized, before or after the maturity of said instrument, to seize and sell said property for the payment thereof, and it is specifically agreed that all payments shall first be applied to the excess due under said instrument.

The negotiable instrument law of Alabama covers many negotiable instruments other than promissory notes. That a negotiable instrument is under seal does not affect its negotiability is plainly provided under section 4963 of the Code, but this consideration has nothing whatever to do with this case. The question is, Was there a variance between the pleadings and proof?

[2] The instrument offered in evidence was a writing under seal. Hatch v. Crawford, 2 Port. 54; Dawsey et al. v. Kirven, 203 Ala. 446, 449, 83 So. 338, 7 A. L. R. 1658. The instrument in question was not a promissory note, but was a bond, or specialty, under seal. Phillips v. The Americus Guano Co., 110 Ala. 521, 18 So. 104. There was a variance between the pleadings and proof, and the trial court erred in admitting said instrument in evidence against the defendant over his timely and pertinent objections thereto. The attention of the court and plaintiff was directed to the variance, and plaintiff could have amended its complaint to meet the proof, and this in time to have avoided this situation. For its failure so to do plaintiff is responsible.

The precise question before us we think was decided in the case of Hughes et al. v. Spratling, 3 Ala. App. 517, 57 So. 629, wherein the opinion and judgment was pronounced January 9, 1912, and subsequent to our negotiable instrument law. In the Hughes Case the complaint declared upon a bond under seal; while the writing introduced in evidence was not under seal. The defendants requested the general charge in writing, which was refused. Upon appeal to this court it was held:

"There was a variance between the allegations and the proof, in that the appellee declared on a bond under seal, and the instrument introduced in evidence was not a bond under seal, but a promissory note, and the court was in error in refusing the general charge requested by appellants. Phillips v. Americus Guano Co., 110 Ala. 521, 18 South. 104; Breitling v. Marx [123 Ala. 222, 26 So. 203], supra; Burton et al. v. Dangerfield, 141 Ala. 285, 291, 37 South. 350; N. Y. Life Ins. Co. v. McPherson, 137 Ala. 116, 119, 33 South. 825."

It follows, therefore, that the trial court erred in admitting the written instrument in evidence against defendant; that the trial court also erred in refusing the general charge requested by appellant; that the trial court erred also in refusing to grant appellant's motion for a new trial. For the errors pointed out, this case must be reversed.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Ex parte First National Bank of Ozark, 212 Ala. 274, 102 So. 371.